STANLEY, *Appellant*, v. BIRCHER'S *Executor*.

1. **Non-survival of Action for Personal Injuries.** An action for injuries to the person does not survive as against the executor of the wrong-doer.

2. **Inn-keepers: ACTION FOR INJURY TO GUEST.** The obligation resting upon an inn-keeper to keep his guest safe, is one imposed by law and not growing out of contract, and for violation of it the action is an action on the case for the injury sustained, and not an action for breach of contract.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Hermann & Reyburn* and *C. P. & J. D. Johnson* for appellant, cited *Higgins v. Breen*, 9 Mo. 493; *Jewett v. Weaver*, 10 Mo. 234; *James v. Christy*, 18 Mo. 164; *Doedt v. Wiswall*, 15 How. Pr. (N. Y.) 132; *Yertore v. Wiswall*, 16 How. Pr. (N. Y.) 8; *Pozzi v. Shipton*, 8 Ad. & El. 963; *Bretherton v. Wood*, 3 Brod. & B. 54; *Tichenor v. Hayes*, 41 N. J. Law 193; *s. c.*, 32 Am. Rep. 186; Redfield on Carriers, §§ 596 to 601.

*Russell & Wendling* for respondent, cited *Nettleton v. Dinehart*, 5 Cush. 543, 544; *Faith v. Carpenter*, 33 Ga. 79; Broom's Legal Maxims, (7 Ed.) 904, *Raymond v. Fitch*, 2 C. M. & R. 597; *Wheatley v. Lane*, 1 Saund. 216; *Ham-*

*ble v. Trott,* Cowp. 371; *People v. Gibbs,* 9 Wend. 29; *Hench v. Metzer,* 6 Serg. & R. 272; Walker's American Law, (7 Ed.) § 215, p. 655.

*Broadhead & Haeussler* also for respondent.

MARTIN, C.—This was an action for injuries to the person of plaintiff, alleged to have been caused by the negligence of the defendant's testator, who died on the 14th day of June, 1879. This action was brought on the 17th day of September following.

It is alleged in the petition that on the 10th day of June, 1878, Rudolph Bircher, the testator, was owner and proprietor of the Laclede-Bircher Hotel in St. Louis; that at the last mentioned date, the plaintiff, for a valuable consideration, became a guest in the hotel; that for the said consideration it became the duty of said Bircher and he agreed to furnish safe accommodations for the necessary and reasonable wants of the plaintiff; that he did not perform the duty or keep the agreement aforesaid in this, that in and adjoining one of the halls in the third story of the hotel, said Bircher maintained an elevator shaft or pit, reaching from the basement to the third story; that the door to it was unskilfully constructed and dangerous to guests, and was negligently left open by said Bircher and his servants; that at the date last aforesaid, the plaintiff, having occasion to retire to the water-closet, went into the hall-way where said shaft was located, and without any fault or negligence of hers, fell through the open door-way into said shaft and was precipitated to the bottom—a distance of about fifty feet, whereby she sustained great and serious bodily injuries, permanently laming her, for which she asked damages in the sum of $25,000.

The defendant, as executor of said Bircher, demurred on the ground that the cause of action did not survive as against the administrator or executor of the estate, and that the petition did not state facts sufficient to constitute a

cause of action. The demurrer was sustained and final judgment entered for defendant in the circuit court, which was affirmed in the court of appeals. 9 Mo. App. 99.

I am unable to perceive how the plaintiff can maintain her action, in the face of the statutes in force at the time of 1. NON-SURVIVAL OF the injury. In the General Statutes of ACTION FOR PER- SONAL INJURIES. 1865, section 29, under the head of administrators, reads as follows: "For all wrongs done to the property, rights or interest of another, for which an action might be maintained against the wrong-doer, such action may be brought by the person injured, or, after his death, by his executor or administrator against such wrong-doer; and, after his death, against his executor or administrator, in the same manner and with the like effect in all respects as actions founded upon contracts." Gen. St. 1865, 491, § 29. If there was no limitation or exception to this section, the plaintiff's remedy would be secured to her. But the next section operates as an express limitation or exception to it, and leaves the plaintiff at common law. It reads as follows: "The preceding section shall not extend to actions for slander, libel, assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff or to the person of the testator or intestate of any executor or administrator." Gen. St. 1865, 491, § 30. At common law this action did not survive as against the executor or administrator. And we thus see that it is expressly excepted from the statute which assumes to change the common law in this respect.

But, it is claimed by counsel for plaintiff that the action is for the breach of a contract, and that it is not an action on the case for injuries to the person. The allusions in the petition to the formal contract between the plaintiff and the proprietor of the hotel, whereby the plaintiff became a guest in the hotel, cannot change the true character of the action. In setting forth an action of trespass on the case, the pleader often finds it proper, although not absolutely necessary, to mention matters of contract con-

nected with the tort, by way of inducement and explanation. In this case the relation of host and guest which originated in contract, explains how the defendant's testator came to owe the plaintiff a duty. That duty, however, the law imposes. It is a public duty which is not defined by the contract. Neither can the proprietor relieve himself from that duty by contract. The action in truth is for a violation of the duty 'which the law imposes, independent of contract. Neither the damages nor the scope of the action can be measured or limited by the contract.

None of the cases cited from our reports will sustain the plaintiff's right of action in this case. In *James v. Christy*, 18 Mo. 164, a father sued a carrier for loss of the services of a minor child who had met his death as a passenger through the negligence of the defendant as a carrier. It was held that the father had a right of property in the services of his minor child, and that the defendant was liable to the father for any negligence which resulted in depriving him of that right. This right of action never belonged to the son and it could not, therefore, be said to die with his person. It was regarded as an action for a wrong done to the " property " rights of the father, within the provision of the first section hereinbefore cited, and not as an action for " injuries to the person of the plaintiff or the person of the testator or intestate of any executor or administrator," within the meaning of the second section cited by us. In that case the carrier lived and the father died before judgment. It was held that damages should be assessed for loss of the child's services up to the date of the father's death, and that all damages for loss of the society or comforts afforded by the child died with the father.

The judgment in this case should be affirmed. The other commissioners concur.