[S. F. No. 7289.   Department Two.—June 11, 1917.]

## GUST. KREBENIOS, Appellant, v. G. LINDAUER, Respondent.

STATUTE OF LIMITATIONS—INJURY TO EMPLOYEE—ACTION FOR IS EX DE-
LICTO.—A cause of action of an employee against his employer to recover damages for personal injuries suffered in the course of his employment is one arising *ex delicto*, and is not based upon a breach of the contract of employment. The statute of limitations applicable to such an action is subdivision 3 of section 340 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge.

The facts are stated in the opinion of the court.

F. W. Sawyer, for Appellant.

Drown, Leicester & Drown, for Respondent.

HENSHAW, J.—Plaintiff's complaint originally charged an ordinary action *ex delicto*. Upon September 28, 1914, he filed an amended complaint charging a violation of a contract of employment and seeking damages predicated upon this violation of the contract. The injury complained of is alleged to have been sustained on June 24, 1912. Defendant

demurred and upon demurrer urged the bar of the statute of limitations. Upon this appeal appellant contends only that, notwithstanding he had pleaded a breach of contract, the court sustained the demurrer on the ground that his action was in tort, and therefore barred by subdivision 3 of section 340 of the Code of Civil Procedure. He makes no mention of the fact that the demurrer also urged that the cause of action, if regarded as *ex contractu,* was barred by subdivision 1 of section 339 of the Code of Civil Procedure. Such unquestionably is the case, for the breach of contract is laid as of June 24, 1912, and the complaint charging upon the breach was filed on September 28, 1914.

But aside from this the action is clearly one in tort and not in breach of contract. Appellant's industry has enabled him to discover several cases of malpractice by physicians and surgeons which contain no more than declarations by the court that depending upon the circumstances pleaded the action will be regarded as one *ex contractu* or one *ex delicto.* Typical of these is *Gillette* v. *Tucker,* 67 Ohio St. 106, [93 Am. St. Rep. 639, 65 N. E. 865]. There a surgeon had negligently left a sponge in the patient's wound and had continued to treat her for some time thereafter. The statute of limitations of Ohio declares that an action for malpractice must be brought within one year. This action was brought more than one year after the sponge was left in the wound and within less than one year after the severance of the relation of surgeon and patient. The court discussed the continuance of this relationship, holding that the statute of limitations began to run only after the severance of that relationship, and declared "the removal of the sponge was a part of the operation and in this respect the surgeon left the operation uncompleted." With no more relevancy to the question under consideration are the other cases cited by appellant, and they therefore need not be specifically mentioned. If appellant's research had led him to an examination of the cases in this state, this court would have been saved this appeal. Thus in *Denning* v. *State,* 123 Cal. 316, [55 Pac. 1000], a deckhand upon the state's tugboat sued to recover damages for injuries which he sustained by reason of having been given an unsafe place to work—a weak and defective ladder which he was compelled in the performance of his duty to climb and which broke under his weight. Says this court:

"This action, however, is in tort, and not upon contract. . . . Here the contract of employment has nothing whatever to do with the liability except to create a duty on the part of the employer, a duty not expressed in the contract, and for the violation of which the contract of employment furnishes no rule or standard for the estimation of damages; nor is the action grounded upon the contract, but upon the duty springing from the relation created by it, viz., that of employer and employee, and under the old system of pleading was always classed as an action *ex delicto.*" To the same effect is *Basler* v. *Sacramento etc. Ry. Co.,* 166 Cal. 33, [134 Pac. 993]. There Mrs. Basler was injured while being carried as a passenger on a street-car. It was, of course, a duty enjoined by law upon the street-car company to carry its passengers safely so far as this could be done in the exercise of the highest care. The charge was that the injury arose from the negligence of the defendant. The action was brought more than one year after the date of the injury. It was contended that it should be regarded as an action *ex contractu,* so as to avoid the effect of the statute. It was declared: "In such actions where, as here, the breach of duty and the consequent injury to the passenger are set forth, such violation of its obligation by the common carrier is the *gravamen* of the action which arises *ex delicto* and not *ex contractu.*"

The judgment appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.