['Civ. No. 2257.   First Appellate District.—October 30, 1917.]

## PAUL MARTY, Appellant, v. HOWARD SOMERS, Respondent.

NEGLIGENCE—ACTION FOR MALPRACTICE — STATUTE OF LIMITATIONS.—A complaint in an action against a physician and surgeon alleging that defendant was employed by plaintiff to cure him of a certain disease, that defendant advised an operation, that it was performed, but was unsuccessful and left plaintiff in a worse condition than before, states a cause of action sounding in tort for damages for wrongful act or neglect, and not for breach of contract to effect a cure, and is governed by section 340, subdivision 3, of the Code of Civil Procedure, requiring the commencement of the action within one year.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto, for Appellant.

Stratton & Kaufman, and Wm. P. Hubbard, for Respondent.

THE COURT.—Defendant, being a physician and surgeon, was employed by plaintiff "to cure him of bladder trouble," which the complaint alleges he undertook to do.   Thereafter defendant advised plaintiff that an operation was necessary in the treatment of the malady, and agreed with the plaintiff to perform the same for the sum of $250.   Said operation was performed, and, according to the complaint, "was unsuccessful, and said defendant did not cure said plaintiff of his malady; that said operation left plaintiff in a worse condition; that plaintiff's urinary organs have become paralyzed and plaintiff has completely lost the use thereof; that plaintiff has suffered, and still suffers, great pain, and has become weakened in body and his physical health and constitution have been greatly impaired.   That by reason of the premises, plaintiff has suffered damages in the sum of ten thousand dollars."   The complaint prays judgment for said sum.

The action was commenced more than one year after the performance of said operation and treatment, and the defendant demurred to the complaint, and pleaded subdivision 3 of section 340 of the Code of Civil Procedure in bar of the action.   This demurrer was sustained and judgment entered for defendant for his costs, from which plaintiff prosecutes this appeal.

In support of the appeal it is urged quite earnestly that the action is one for breach of contract to effect a cure; but it appears quite plain to us from a consideration of the allegations of the complaint above recited that the action sounds in tort, and is for the recovery of damages for the defendant's wrongful act or neglect, thus bringing it within the operation of the section of the code referred to.   We think this case is disposed of by what is said in *Basler* v. *Sacramento etc. Co.,* 166 Cal. 33, [134 Pac. 993], where Mr. Justice Melvin after discussing numerous authorities concludes the court's opinion as follows: ''We see no escape from the reasoning of the foregoing authorities.   The demurrer was properly sustained for the reason that the cause of action was pleaded as one arising *ex delicto;* but even if we should regard it as arising upon contract, nevertheless the damages sought are directly referable to the personal injuries suffered by Mrs. Basler, and consequently the time for the commencement of the action is limited by the terms of subdivision 3 of section 340 of the Code of Civil Procedure.''

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal, on November 28, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 27, 1917.