[L. A. No. 7318. In Bank.—May 27, 1924.]

## PAULINE HALL, Respondent, v. GERTRUDE STEELE, Appellant.

[1] PHYSICIANS AND SURGEONS—PLEADING—NEGLIGENCE—TORTS.—It appearing from the averments of plaintiff's complaint that her action is one sounding in tort the gravamen of which is the alleged negligent and unskillful performance by defendant of a surgical operation upon plaintiff's features, whatever is said in the complaint as to the engagement of the defendant as a surgeon and dermatologist to perform said operation and as to representations made by the defendant as to the probable effect of said operation upon the plaintiff's features, are to be considered as mere matters of inducement to the main cause of action and not

---

1. Action for malpractice as based on contract or tort, note, **Ann. Cas.** 1912D, 866.

as averments of the breach of a contractual relation forming the basis of the action.

[2] ID.—MALPRACTICE—NEGLIGENCE.—In an ordinary action for malpractice the physician or surgeon is not to be held as a warrantor of cures or of consequences other than those arising from a breach of his duty to skillfully perform the operation, and if the facial expression of the plaintiff is altered to an extent amounting to a disfiguration, the plaintiff cannot recover in this form of action without being able to show that the specific operation which the surgeon was engaged to perform was negligently and unskillfully performed.

[3] ID.—OPERATION UPON PLAINTIFF'S FEATURES—NEGLIGENCE—DAMAGES—VERDICT—EVIDENCE.—In this action for damages alleged to have resulted to plaintiff from defendant's negligent and unskillful performance of a surgical operation upon plaintiff's features, it cannot be said, in view of the state of the record, that the verdict of the jury in favor of plaintiff was not justified by. the evidence.

[4] ID. — INSTRUCTIONS — NEGLIGENCE — ABSENCE OF PREJUDICE. — In such action, a given instruction that "The jury is instructed that if you find from the evidence that the shape of the lower lip of plaintiff has been changed by the operation, and that she has suffered damage thereby, you will find for the plaintiff, unless you find that plaintiff's condition is the result of her own contributory negligence," is erroneous in that it ignores the question of the defendant's negligence; but when such instruction is read in connection with and in the light of other instructions in the case, of which the defendant does not complain, it cannot be said that the instruction, though manifestly erroneous. was prejudicial to a degree which would require a reversal of the case.

[5] ID.—INSTRUCTIONS.—The trial court is not required to embody all of the issuable elements of the case in any single instruction, and its failure so to do will not be held to be prejudicial error if, from a consideration of the whole body of the instructions, it appears that the jury was fairly and fully instructed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul M. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

2. Degree of care required of physician or surgeon who holds himself out as specialist, note, **Ann. Cas.** 1915D, 1124.

3. Excessiveness or inadequacy of verdict in action for damages for malpractice, notes, **Ann. Cas.** 1916C, 1078, 1081; **Ann. Cas.** 1918A, 389.

Frank Dominguez and W. H. Dehm for Appellant.

George W. Bush and James A. Houlahan for Respondent.

RICHARDS, J.—This action was one wherein the plaintiff sought to recover damages from the defendant for injuries received as the alleged result of the negligence of the defendant in the performance of a surgical operation. The plaintiff headed her complaint with the caption, "Damages for Negligence," and then proceeded to allege:

"1. That in and about the month of October, 1920, and at all times herein mentioned, at Los Angeles, California, the defendant Gertrude Steele held herself out to the general public, and particularly to this plaintiff, as a surgeon and dermatologist, skilled in the art of such profession, and as such, able with skill to treat the plaintiff for the ailment hereinafter mentioned.

"2. That plaintiff was at the times herein mentioned a motion picture actress, earning her living by employment from various motion picture companies as an actress on the screen.

"3. That at the time heretofore mentioned, plaintiff's lower lip was too large and full to correspond with her face in general, in the work which she was performing. That plaintiff consulted with defendant, believing defendant to be a surgeon and dermatologist, skilled in the art of such profession. That defendant represented to plaintiff that by removing a slight or small strip of skin from the lower lip of plaintiff, that said lip would be narrowed and the shape would not be changed, and that said lip would then correspond with the face of plaintiff in general, and would add largely to the harmony of plaintiff's face, and in this way make plaintiff a better subject for the screen, thereby enlarging her earning power.

"4. That plaintiff believed the representations of defendant and employed defendant as such surgeon and dermatologist to perform the operation of removing a slight or small strip of skin from the lower lip. That on or about the 11th day of October, 1920, defendant performed the operation aforesaid. That defendant so negligently and unskillfully performed said operation that the lower lip of plaintiff, instead of being narrowed and made more sightly, was caused to droop

on each side, revealing the teeth of plaintiff when plaintiff endeavored to close her lips, and making plaintiff's lips and mouth ugly and unsightly, and disproportionate to plaintiff's face.

"5. That through and by the negligence and unskillfullness of defendant plaintiff's face has become permanently disfigured and made unsightly, and her earning capacity as a motion picture actress is greatly lessened and impaired, if not altogether destroyed, to her damage in the sum of $15,000.00. . . . "

[1] From the foregoing averments of the plaintiff's complaint it indubitably appears that the action is one sounding in tort the gravamen of which is the alleged negligent and unskillful performance of a surgical operation; and that whatever is said therein as to the engagement of the defendant as a surgeon and dermatologist to perform said operation and as to representations made by the defendant as to the probable effect of said operation upon the plaintiff's features are to be considered as mere matters of inducement to the main cause of action and not as averments of the breach of a contractual relation forming the basis of the present action. This case in that regard falls within the rule laid down in *Harding* v. *Liberty Hospital Corp.*, 177 Cal. 520 [171 Pac. 98]; *Basler* v. *Sacramento etc. Ry. Co.*, 166 Cal. 33 [134 Pac. 993]; *Krebenios* v. *Lindauer*, 175 Cal. 431 [166 Pac. 17]; *Marty* v. *Somers*, 35 Cal. App. 182 [169 Pac. 411]. It is true that in the foregoing cases the doctrine was applied in relation to the plea of the statute of limitations, but the like principle is applicable to cases wherein the plaintiff is not suing for breach of warranty made in connection with the contract of employment of the surgeon, but solely for the unskillfulness of the operation performed. In such cases whatever representations the physician, surgeon or dermatologist may have made as an inducement to the performance of the operation are not essential to the plaintiff's alleged cause of action for negligence, the sole actionable issue being as to whether or not the operation was skillfully or unskillfully performed. [2] In an ordinary action for malpractice the physician or surgeon is not to be held as a warrantor of cures or of consequences other than those arising from a breach of his duty to skillfully perform the operation, and if, as the individual

cases show, through no unskillfulness on the part of the surgeon the plaintiff's broken arm was permanently impaired (*Houghton* v. *Dickson,* 29 Cal. App. 321 [155 Pac. 128] ; *McGraw* v. *Kerr,* 23 Colo. App. 163 [128 Pac. 870]), or the patient's nervous system shattered (*Booth* v. *Andrus,* 91 Neb. 810 [137 N. W. 884]), or if the patient fails to recover (*Wurdemann* v. *Barnes,* 92 Wis. 206 [66 N. W. 111]), or even if, as in this case, the facial expression of the plaintiff is altered to an extent amounting to a disfiguration, the plaintiff cannot recover in this form of action without being able to show that the specific operation which the surgeon was engaged to perform, was negligently and unskillfully performed.

In the discussion of the legal principles applicable to this the interesting inquiry is suggested as to whether a mere naturopath or so-called ''beauty doctor'' is entitled as such to be placed in the same category or to claim the same immunity from liability as is applied by law to regular medical practitioners and surgeons whose mission it is to minister to those who are ill or injured or afflicted with diseases or physical injuries which medicine or surgery skillfully applied may cure; while a naturopath or ''beauty doctor'' does none of these, but merely assumes or undertakes to remove physical or facial deformities not due to disease or injury but existing as natural deficiencies or defects of form or countenance which for the comfort, convenience, or vanity of the individual it is deemed desirable to have removed. The question as to whether the practitioner undertaking to remedy by a surgical operation such deformities or defects and who, while performing with skillfulness the proposed alteration, does not remove the particular physical defect, or, doing so, produces another and perhaps more objectionable deformity, can rely upon the rule which protects the regular practitioner or surgeon from liability for the effect of an operation skillfully performed is, as we have observed, an interesting one, but we do not think it arises in the present case, in view of the state of the pleadings, which sound in tort and count upon an alleged unskillful surgical operation. A different issue involving this very question would have been presented if the action had been one for the breach of warranty as to the result of the operation performed. Another question which is presented upon the face of this record, but which has not been discussed in the briefs

of counsel, is as to the defenses which are available to a
naturopath who undertakes to perform a surgical operation
which his license as such naturopath does not entitle the
holder to perform. In the case of *In re Gerber*, 57 Cal.
App. 141 [206 Pac. 1004], it was held that the holder of a
license to practice naturopathy, issued in accordance with
the statutes regulating the practice of naturopathy as they
existed prior to 1909 or issued in accordance with the terms
of the statute passed during the latter year, was entitled to
practice medicine and surgery. In the case of *Millsap* v.
*Alderson*, 63 Cal. App. 518 [219 Pac. 469], it was held that
one holding a certificate to practice neuropathy was with-
out any right or authority thereunder to engage in the
general practice of medicine; and the court in so holding
expressly disapproves *In re Gerber, supra*. Upon petition
for hearing in the supreme court of the case of *Millsap* v.
*Alderson, supra*, this court in denying said petition expressly
disapproved the decision in the Gerber case. The bearing
which these cases may have upon the case at bar is not
at this time discussed or decided, for the reason that this
subject has not been touched upon in the briefs of counsel
upon the present appeal.

The first question urged by the appellant as a ground for
reversal of the judgment herein is that of the insufficiency
of the evidence to justify the verdict of the jury in the plain-
tiff's favor. It is true that from a reading of the complaint
of the plaintiff herein it would seem that the injury of which
she complained was that of the alleged unskillfulness of the
operation performed by the defendant upon the plaintiff's
lower lip in an attempt to *thin* said lip. During the trial
of the cause, however, there was considerable controversy
over the precise nature of the operation to be performed or
that was actually performed upon the plaintiff, which con-
troversy turned upon the question as to whether the defend-
ant had engaged to thin the plaintiff's lower lip only, or to
perform such an operation as would have the effect of *nar-
rowing* the mouth. This was apparently treated by both
court and counsel as the issue in the case, and upon that
issue the testimony of the plaintiff herself bore most strongly
and if believed by the jury would have justified a verdict to
that effect. Much of the plaintiff's testimony in the case
consisted of ocular demonstrations to the jury as to the

nature of the operation which was to be, and which was, performed upon her, and of this type of evidence none, of course, has been or could be produced before us, and we are, therefore, left in a state of doubt as to whether the whole effect of the plaintiff's testimony and demonstrations before the jury would be reasonably sufficient to have induced the belief in the minds of the jurymen that the operation to be performed and that was attempted was that of narrowing the plaintiff's mouth. If such was their conclusion, the testimony of the expert witnesses in the case would have substantiated their further conclusion that the operation which was actually performed was not the suitable one from a surgical viewpoint to accomplish that result, and hence that the defendant in performing it acted unskillfully. [3] Such was the conclusion of the jury as manifested in their verdict, and in the state of the record before us we are unable to say that it was not justified by the evidence.

The appellant insists that the trial court committed prejudicial error in giving the following instruction: ''The jury is instructed that if you find from the evidence that the shape of the lower lip of plaintiff has been changed by the operation, and that she has suffered damage thereby, you will find for the plaintiff, unless you find that plaintiff's condition is the result of her own contributory negligence.'' [4] This instruction was obviously erroneous. It entirely ignored the question of the defendant's negligence and directed the jury that it might find a verdict for the plaintiff if the shape of her lower lip had been changed by the operation, no matter how skillfully performed. The trial court, however, gave a number of other instructions, apparently prepared and presented in support of the defendant's view of the case, and wherein the jury is clearly and expressly instructed that in order to find a verdict for the plaintiff it must find from the preponderance of the evidence not only that the defendant was guilty of the negligence complained of by the plaintiff, but that such negligence was the proximate cause of the injury for which the plaintiff seeks to recover damages in the action. There are a number of these instructions, all emphasizing the direction to the jury that the defendant was only required to exercise the ordinary skill of her profession in the performance of the operation in question, and that the jury was not to take into consideration

the condition of the plaintiff at the time of the trial unless they found that her said condition was caused by the negligence of the defendant. [5] It is a well-recognized rule, applicable to instructions, that the trial court is not required to embody all of the issuable elements of the case in any single instruction, and that its failure so to do will not be held to be prejudicial error if, from a consideration of the whole body of the instructions, it appears that the jury was fairly and fully instructed. When the instruction complained of here is read in connection with and in the light of the other instructions in the case, of which the defendant does not complain, it cannot be said that the instruction, though manifestly erroneous, was prejudicial to a degree which would require a reversal of this case.

The judgment is affirmed.

Lawlor, J., Lennon, J., Seawell, J., and Waste, J., concurred.