[Civ. No. 1893. Fourth Appellate District.—May 9, 1938.]

ANDRA SPEER, Appellant, v. N. N. BROWN, Respondent.

J. W. Heard, Jr., and Calvin H. Conron, Jr., for Appellant.

Borton, Petrini & Conron and Hadsell, Sweet, Ingalls & Lamb for Respondent.

HAINES, J., *pro tem.*—Appellant Andra Speer commenced this action against one N. N. Brown, a duly licensed physician and surgeon, claiming that he had undertaken for a consideration to treat her for overweight, and in so doing negligently prescribed for her a drug known as denitrophenol in such large doses as to result in her becoming partially blind. After appearing in the action, defendant Brown died, whereupon the attorneys who had represented him moved the court to dismiss the action by reason of his death and a judgment of dismissal was entered accordingly, from which the present appeal is taken.

The sole question for determination is whether or not an action of this description abates by reason of the defendant's death prior to trial and prior to judgment on the merits.

Appellant's position is that under section 573, Probate Code, embodying the matter contained in the former section 1582, Code of Civil Procedure, all actions founded on contract survive death; that the present action is founded on contract, and that, though it incidentally sounds in tort as well, it survived the defendant's death. There is, we think, no

doubt that at common-law, actions of this description, though in some sort involving contracts, were treated as essentially actions based on personal torts and, as such, as abating with the death of the tort-feasor. It was said by the Supreme Court of the United States in *Henshaw* v. *Miller,* 17 How. 212, 219 [15 L. Ed. 222], that:

"The maxim of the common law is *'actio personalis moritur cum persona'* and, as this maxim is recognized both in England and in Virginia, the interpretation of it in the former country becomes pertinent to its exposition or application here. In England it has been expounded to exclude all torts when the action is in form *ex delicto* for the recovery of damages, and the plea not guilty. That in case of injury to the person, whether by assault, battery, false imprisonment, slander or otherwise, if either party who received or committed the injury died, no action can be supported either by or against the executors or other personal representatives."

It is laid down in 1 C. J., p. 174, par. 303, that:

"The true line of demarcation at common law separating those causes of action which survive from those which do not is that in the first the wrong complained of affects primarily and principally property and property rights, and the injuries to the person are merely incidental, while in the latter the injury complained of is to the person, and the property and rights of property affected are merely incidental. In the former case the cause of action survives, while in the latter it abates."

In support of these propositions authorities are cited from various jurisdictions, including *inter alia, Stanley* v. *Vogel,* 9 Mo. App. 98, 99 (affirmed in *Stanley* v. *Bircher's Exr.,* 78 Mo. 245) as follows:

"It was not at common law, nor is it under our statutes, a decisive test of the survival of an action that it arose out of contract. Actions for breach of promise of marriage never survived, unless, at least, special damage was proved, or there was immediate injury to property. It was said by Lord Ellenborough, in *Chamberlain* v. *Williamson,* 2 Mau. & Sel. 408: 'All injuries affecting the life or health of the deceased, all such as arise out of the unskillfulness of medical practitioners; the imprisonment of the party brought on by the negligence of his attorney—all these would be breaches of the implied promise by the persons employed to exhibit a proper

portion of skill and attention. We are not aware, however, of any attempt on the part of the executor to maintain an action in any such case." In *Wilson* v. *Tucker,* 3 Stark. N. P. 154, a *nisi prius* case, the question was not mooted. The true test as to survival against an executor was whether the cause of action had its basis in a property right, and necessarily involved the breach of a contract obligation."

Respondent's counsel in their brief direct our attention to additional authorities from other states to the same general effect, including *Wolf* v. *Wall,* 40 Ohio St. 111, *Jenkins* v. *French,* 48 N. H. 532, and *Boor* v. *Lowrey,* 103 Ind. 468 [3 N. E. 151, 53 Am. Rep. 519].

There are various decisions in our own reports that present some aspects of similarity in their facts to those in the case at bar. Most of these cases have been considered by the courts with reference to the applicability in them of different provisions of the statute of limitations, or else with reference to some question as to the measure of damages. These decisions include *Basler* v. *Sacramento etc. Ry. Co.,* 166 Cal. 33 [134 Pac. 993], *Krebenios* v. *Lindauer,* 175 Cal. 431 [166 Pac. 17], *Marty* v. *Somers,* 35 Cal. App. 182 [169 Pac. 411], *Harding* v. *Liberty Hospital Corp.,* 177 Cal. 520 [171 Pac. 98], *Kelsey* v. *Tracy,* 42 Cal. App. 409 [183 Pac. 668], *Hall* v. *Steele,* 193 Cal. 602 [226 Pac. 854], *Wetzel* v. *Pius,* 78 Cal. App. 104 [248 Pac. 288], *Kershaw* v. *Tilbury,* 214 Cal. 679 [8 Pac. (2d) 109], and *Huysman* v. *Kirsch,* 6 Cal. (2d) 302 [57 Pac. (2d) 908].

In *Basler* v. *Sacramento etc. Ry. Co., supra,* a husband and wife sued a street car company for injuries received by the wife while a passenger on the defendant's street car and expenses incurred in the treatment thereof. The question involved was which provision of the statute of limitations ought to be applied. The court (p. 36) said:

"In such actions where, as here, the breach of duty and the consequent injury to the passenger are set forth, such violation of its obligation by the common carrier is the gravamen of the action which arises *ex delicto* and not *ex contractu* . . . Actions for damages because of the forcible ejection from a train of a passenger who was entitled to ride thereon by reason of a contract evidenced by a ticket commonly sound in tort and not in contract." And at page 37:

"The demurrer was properly sustained for the reason that the cause of action was pleaded as one arising *ex delicto,* but even if we should regard it as arising upon contract, nevertheless the damages sought are directly referable to the personal injuries suffered by Mrs. Basler and consequently the time for the commencement of the action is limited by the terms of subdivision 3 of section 340 of the Code of Civil Procedure."

In *Krebenios* v. *Lindauer, supra,* the Supreme Court held that a cause of action of an employee against his employer to recover damages for personal injuries suffered in the course of his employment was one arising *ex delicto* and not based upon a breach of the contract of employment, and that the statute of limitations applicable to such action was, therefore, subdivision 3 of section 340 of the Code of Civil Procedure. In *Marty* v. *Somers, supra,* where a complaint in an action against a physician and surgeon had alleged the employment of the defendant by plaintiff to cure plaintiff of a certain disease, that defendant had advised an operation, which was performed, but was unsuccessful and which left plaintiff in a worse condition than before, it was held that the cause of action stated sounded in tort for damages for a wrongful act or neglect, and not for breach of contract to effect a cure and was therefore governed by the provision of the statute of limitations last referred to. The same conclusion was reached in *Harding* v. *Liberty Hospital Corp., supra,* which was an action for damages against the hospital corporation, in which it was alleged that the latter had contracted to furnish plaintiff medical and surgical treatment when rendered necessary by accidental injury or disease and that the plaintiff having suffered a fracture of the leg was negligently and unsuccessfully treated by a surgeon in the employ of the hospital and as a result suffered damage. In *Kelsey* v. *Tracy, supra,* which was an action against a defendant as a physician and surgeon for injuries alleged to have been sustained by the plaintiffs through want of skill of the defendant in treating them, it was again held that the action sounded in tort, and that the time within which it might be brought was limited by subdivision 3 of section 340, Code of Civil Procedure. *Hall* v. *Steele, supra,* was an action wherein it was alleged that plaintiff had consulted with the defendant, believing defendant to be a surgeon and

dermatologist and the defendant represented to plaintiff that by removing a small strip of skin from plaintiff's lower lip said lip would be narrowed without its shape being changed, so that said lip would then correspond with the face of plaintiff in general and add largely to the harmony of plaintiff's features, thereby increasing her eligibility for employment as a moving picture actress, in consequence of which plaintiff employed defendant to perform the operation, which was so unskillfully done that plaintiff was thereby permanently disfigured. The court said, page 605, that from the averment of the plaintiff's complaint "it indubitably appears that the action is one sounding in tort, the gravamen of which is the alleged negligent and unskilful performance of a surgical operation; and that whatever is said therein as to the engagement of the defendant as a surgeon and dermatologist to perform said operation and as to representations made by the defendant as to the probable effect of said operation upon the plaintiff's features are to be considered as mere matters of inducement to the main cause of action and not as averments of the breach of a contractual relation forming the basis of the present action". It is also said that:

"In an ordinary action for malpractice the physician or surgeon is not to be held as a warrantor of cures or of consequences other than those arising from a breach of his duty to skillfully perform the operation, and if, as the individual cases show, through no unskillfulness on the part of the surgeon the plaintiff's broken arm was permanently impaired, . . . or the patient's nervous system shattered, . . . or if the plaintiff fails to recover . . . , or even if, as in this case, the facial expression of the plaintiff is altered to an extent amounting to a disfiguration, the plaintiff cannot recover in this form of action without being able to show that the specific operation which the surgeon was engaged to perform, was negligently and unskillfully performed."

In *Wetzel* v. *Pius, supra,* which was again an action against a physician and surgeon for damages for malpractice, the court said (pp. 106, 107):

"Actions of this character are not based upon the contract of employment; they sound in tort and are classed as actions *ex delicto.* In discussing a similar contention our Supreme Court said: 'The contract of employment has nothing what-

ever to do with the liability, except to create a duty on the part of the employer, a duty not expressed in the contract and for the violation of which the contract of employment furnishes no rule or standard for the estimation of damages; nor is the action grounded upon the contract, but the duties springing from the relation created by it, namely, that of employer and employee, and under the old system of pleading was always classed as an action *ex delicto.*' '' (Citing *Denning* v. *State,* 123 Cal. 316 [55 Pac. 1000], and sundry of the cases to which we have already referred.)

In this case also the question involved had to do with the statute of limitations applicable, which the court held was subdivision 3 of section 340, Code of Civil Procedure.

*Kershaw* v. *Tilbury, supra,* was an action for damages for malpractice, it being alleged that the defendants represented themselves as physicians who could and would cure plaintiff from a bone infection, in consequence of which they were employed to treat her, but that, instead of using any standard method of effecting a cure, they used other methods whereby they negligently caused the infection to spread, to plaintiff's great injury and damage. The court said (p. 689):

''From the averments of the complaint it appears that the action is one sounding in tort, the gravamen of which is the alleged negligence and unskillful performance of the treatment of the child, and that whatever is alleged therein as to the engagement of the defendants as physicians to treat plaintiff, and as to representations made by defendants regarding the probable effect of said treatment, are to be considered as mere matters of inducement to the main cause of action, and not as averments of the breach of a contractual relation forming the basis of the action. This is the holding in *Hall* v. *Steele,* 193 Cal. 602 [226 Pac. 854].''

*Huysman* v. *Kirsch, supra,* was, again, an action for malpractice wherein the Supreme Court (p. 306) said:

''It is the settled law in this state that an action by a patient against a physician and surgeon for injuries sustained by the former, by reason of the negligent or unskilled treatment of the latter, is an action sounding in tort and not upon a contract. Such an action is, therefore, barred by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure one year after the date of the injury.''

In this last case the limitation, however, was held to be inapplicable under the facts because the operation involved a series of acts and had not been completed at a sufficiently early time to make the action too late.

Appellant's counsel cannot, of course, question the binding force of the various decisions of our courts to which we have thus at some length referred, but they seek to distinguish them all from the instant case. Such of them as involve the statute of limitations are said merely to be "authority for the position that notwithstanding the fact that a contract is involved, the primary recovery sought is for injury to the person", and of them it is said that their reasoning is sound because the statute prescribing a one-year limitation for actions for injuries to the person (sec. 340, Code Civ. Proc., subd. 3) "does not except injuries to the person arising from contracts". It is also claimed that they are, in the main at least, distinguishable from the case at bar because, for the most part, the physician's contact with the person was in some degree physical "such as manipulating a bone or operation with a knife", whereas that feature is absent here.

As warranting these asserted distinctions, reliance is placed on the three California cases of *Vragnizan* v. *Savings Union etc. Co.*, 31 Cal. App. 709 [161 Pac. 507], *Crawford* v. *Duncan*, 61 Cal. App. 647 [215 Pac. 573], and *Singley* v. *Bigelow*, 108 Cal. App. 436, 437 [291 Pac. 899].

*Vragnizan* v. *Savings Union etc. Co., supra,* involved a situation in which a husband against whom a divorce suit had been filed, by fraudulent representations and concealments respecting the amount of the community property, had effected an unfair property settlement with his wife and subsequently died. She presented a claim against his estate for the amount of which she claimed to have been thus defrauded, and on its being rejected sued for the sum involved. The court there said (pp. 711, 712):

"It is sometimes said that at common law all causes of action *ex contractu* survive, whereas all those based on tort die with the person. But neither of these statements is strictly accurate. As to the former, for example, a breach of promise of marriage is an action arising *ex contractu*, yet it does not survive. Nor do all actions in tort die with the person. The true test is not so much the form of the action as the nature of the cause of action. When the action arises

out of a tort, unconnected with contract, and which affects the person only and not the estate—such as assault and battery, false imprisonment, malicious prosecution, personal injuries—the action is purely personal and abates with the death of the wrongdoer. But when the action is virtually founded upon contract, though nominally in tort, it survives against the tort-feasor's legal representatives.''

In the further course of its opinion the court quoted from *Henderson* v. *Henshall*, 54 Fed. 320 [4 C. C. A. 357] to the effect that ''there may be some question as to the survival of a thing in action arising out of a personal injury, but the thing in action in this case arises out of the violation of a right of property which, by the express language of section 954 of the Civil Code of California passes to the personal representatives of the deceased''. In this Vragnizan case the court concluded that the cause of action did not die with the husband.

In *Crawford* v. *Duncan, supra,* the plaintiff had consulted the defendant, a physician and surgeon, with reference to swollen glands on the side of her neck. She was particularly desirous of having the swelling so treated that no scar would result. This was fully explained to the doctor who, according to the plaintiff's evidence, planned to give her radium treatments rather than to conduct an open operation, and absolutely assured her that no scar would result, in reliance upon which she submitted to the treatment, which in fact produced a permanent disfigurement. In determining the question what statute of limitations was applicable the court said:

''This is not an action of tort. That is, it is not an action for malpractice based upon negligence. It is an action for the breach of an alleged oral agreement whereby defendant warranted that his radium treatments would not leave a permanent scar. It is subdivision 1 of section 339 of the Code of Civil Procedure, therefore, and not subdivision 3 of section 340 of that code, which is applicable; and the statute of limitations did not run until the expiration of two years from the time when plaintiff's cause of action accrued.''

*Singley* v. *Bigelow, supra,* was a case wherein a druggist sold the wrong drug to a woman who was injured by using it. The druggist having died, the injured woman and her husband presented a claim against his estate for the damages

resulting from her injuries and the expense of treating them and on its rejection brought action against his executrix thereon. The question to be decided was whether the druggist's death had put an end to the cause of action. The trial court sustained a demurrer to the complaint and its action in doing so was upheld by the Appellate Court for the Third District. However, the court (p. 441) discussed *arguendo* various decisions, including *Conklin* v. *Draper,* 229 App. Div. 227 [241 N. Y. Supp. 529], and *Frankel* v. *Wolper,* 118 App. Div. 485 [169 N. Y. Supp. 15], in which a different doctrine from any to which we have thus far adverted was advanced, that is, as expressed in *Conklin* v. *Draper, supra,* that: ''Two or more causes of action may arise out of the same transaction with different statutes of limitation and although one may be barred the other may be good,'' and that: ''while the plaintiff may not be able to recover for the operation she may recover for breach of contract''; or, as said in *Frankel* v. *Wolper, supra,* that after the statute of limitations had run against the tort, ''recovery of damages could not be had for the wrong involving unskillful treatment; but plaintiff might be entitled to recover sums paid to defendants on the contract to furnish proper medical aid, and for sums paid out for nurses and medicines or other damages that flow naturally from the breach of whatever contract was made between the parties''. As respects these two New York cases, the court in *Singley* v. *Bigelow, supra,* went on to conclude that:

''A reference to the opinion in the Wolper case, *supra,* discloses that the court set forth a rule of decision which we think is applicable here, as we shall hereafter state. We refer to the following: 'that where a physician, with whatever prudence, agrees that his treatment will cure, and it does not, the patient is absolved from payment, may recover advances, may recover expenditures necessitated for nurses and medicines, and maybe for something else. But such are not the damages stated here. If the complaint otherwise permitted a conclusion that the action was on contract, the misstatement of damages need not disturb it. But here the damages alleged are unsuited to an action on contract, and help to characterize the complaint as one for malpractice and negligence.' These cases are authority only to the effect that actions *ex contractu* may be maintained against the estate of the deceased wrongdoer, but the actions must be brought in

that form, and based upon a violation of contract, and not actions prosecuted as actions *ex delicto* based upon a tort."

We are unable to find anything in *Vragnizan* v. *Savings Union etc. Co., supra,* or in *Singley* v. *Bigelow, supra,* that can furnish any aid to appellant here. What was involved in the Vragnizan case was purely a property dispute such as under the rule laid down in the passage from 1 C. J. 174, quoted in an earlier part of this opinion would not be affected by the tort-feasor's death. The decision in the Singley case was against the survival of the action and the conclusion there reached as to the significance of the New York cases referred to would militate to the same degree and in the same manner as against the survival of the cause of action relied on in the instant case as it did against the survival of the cause of action which the court was there considering. ■ If it be true, as there suggested, that "actions *ex contractu* may be maintained against the estate of the deceased wrongdoer, but actions must be brought in that form, and based upon a violation of contract and not (be) actions prosecuted *ex delicto* based upon a tort", then we are bound to observe that the plaintiff's case in the action at bar falls within the inhibition, for an inspection of her pleadings will disclose that her reliance in framing them was clearly and distinctly placed on the defendant's *negligence.*

It remains to discuss the bearing of *Crawford* v. *Duncan, supra,* in which a hearing was denied by the Supreme Court. There, as here, the cause of action was held not to be barred by the statute of limitations applicable to torts because of a very express warranty by the physician of the result of his proposed treatment. There may be some difficulty in distinguishing this case upon its facts from the case of *Hall* v. *Steele, supra,* in which, notwithstanding the defendant's representations about the effect of her proposed treatments, it was held that no warranty existed. In the last-mentioned case it was decided, however (p. 606), that the distinction did exist in view of what in it was said to be "the state of the pleadings, which sound in tort and count upon an alleged unskillful surgical operation", after which the Supreme Court went on to say that:

"A different issue involving this very question would have been presented if the action had been one for the breach of warranty as to the result of the operation performed."

So far as the case at bar is concerned, there is, of course, no claim of any warranty at all and therefore, so far forth, it would fall into the class in which *Hall* v. *Steele, supra,* was held to fall, rather than into that represented by *Crawford* v. *Duncan, supra.*

In fine, we do not think that appellant's contentions are aided by any of the authorities above referred to. This does not, however, really dispose of the main point made by him, which is not in terms discussed in any of the cases: that is, that whatever may be the application of the statute of limitations to bar actions sounding in tort, even though arising out of services rendered under contract, our statute governing the survivorship of causes of action (Probate Code, sec. 573) is a different and distinct statute and provides that *all* actions founded upon contracts shall survive regardless of whether they also sound in tort or not, and, therefore, that in applying *this* statute it does not at all matter whether the *gravamen* of the action is negligence or not; that, even if it be negligence, the action still involves a negligent breach of a contract and therefore ought to be held to be "founded on contract" and to survive. To uphold this contention, however, would be to refuse to apply to the construction of the words "founded upon contracts" as used in the statute, such announcements by the courts as, for example, that already quoted from *Hall* v. *Steele, supra,* indicating that ordinarily speaking, allegations respecting the employment of a physician are "mere matters of inducement to the main·cause of action" and that allegations that he acted negligently are not "averments of the breach of a contractual relation forming the basis" of the action. We think, in other words, that to uphold the contention which appellant now makes would tend to break down and obscure a distinction between causes of action "founded upon contracts" and causes of action "sounding in tort" that the courts in this state, in the long line of decisions that we have discussed, have pretty consistently maintained, and we, therefore, find ourselves unable to uphold it.

We may add that the suggestion made that in the instant case the decedent's professional services to appellant involved no physical contact on his part with her appears to us unimportant. It was as much a tort to negligently

prescribe for her and thereby subject her to physical injury as it would have been to have negligently operated upon her. The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 8, 1938.