[S. F. No. 1600.   Department Two.—December 29, 1900.]

131  211|<br>e146 712|

T. G. CONTRERAS, Respondent, v. EMELIE D. MERCK et al., Appellants.

EJECTMENT—DAMAGES—INJUNCTION—PLEADING—DEMURRER FOR UNCERTAINTY—APPEAL—RULING NOT PREJUDICIAL.—In an action to recover the possession of a mining claim, for damages, and for an injunction, where the answer put in issue the possession and right of possession of the entire premises, and the cause was tried upon the merits, and a judgment was rendered for the plaintiff, fixing the damages at one dollar, the overruling of a demurrer to the complaint for uncertainty in alleging unlawful possession by defendant of part of the mine not described, in alleging one thousand dollars damages upon information and belief, and in not directly alleging that defendant had made holes and cuts in the mine, is not prejudicial error which can entitle the defendants to a reversal of the judgment upon appeal.

ID.—PLEADING IN ACTION FOR MINING CLAIM—FORFEITURE—ABANDONMENT—FINDINGS.—In an action of ejectment to recover the possession of a mining claim, the rules of pleading relative to real estate are applicable; and where the complaint alleges owner-

ship, and the answer takes issue thereon, and alleges owner-
ship in the defendant, it is not necessary for the plaintiff to
plead a forfeiture or abandonment of a prior location made
by the defendant; but it is competent for the plaintiff to show
that defendant's location had become void, and that the land
was vacant public mineral land of the United States when
plaintiff's location was made; and the court may so find, from
sufficient evidence.

Id.—Absence of Evidence Upon Appeal—Support of Findings and
Judgment—Construction of Findings.—Where the evidence is not
returned upon appeal, it must be presumed sufficient to sup-
port findings that the location claimed by the defendant "had
lapsed and become void" at the time of plaintiff's location, and
that "said tract of land was at that time vacant public mineral
land." The latter finding is sufficient to support the judgment;
and the term "lapsed" in the former finding cannot be con-
strued as importing a technical forfeiture, but, being a term
unknown to mining laws, may be disregarded.

APPEAL from a judgment of the Superior Court of Mari-
posa County. John M. Corcoran, Judge.

The facts are stated in the opinion.

Frank H. Farrar, for Appellants.

The term "lapse" is synonymous with "forfeiture." (Lind-
ley on Mines, secs. 643-45.) Abandonment may be proved un-
der the general issue, but forfeiture must be specially pleaded
and cannot be shown under the general issue. (Lindley on
Mines, sec. 643; *Dutch Flat Water Co. v. Mooney*, 12 Cal. 534;
*Morenhaut v. Wilson*, 52 Cal. 263; *Renshaw v. Switzer*, 6 Mont.
464; *Wulff v. Manuel*, 9 Mont. 276, 279, 286; *Mattingly v.
Lewisohn*, 13 Mont. 508; *Hammer v. Garfield Mining and Mill-
ing Co.*, 130 U. S. 291; *Belk v. Meagher*, 104 U. S. 279.)

Congdon & Congdon, and G. G. Goucher, for Respondent.

The rules of pleading applicable to real estate apply in eject-
ment for a mining claim; and there need be no special pleading
in the complaint where the issue tendered is one of ownership;
and facts in rebuttal of defendant's answer need not be pleaded.
(*Harris v. Kellogg*, 117 Cal. 488; *Moore v. Copp*, 119 Cal. 429,
434.) The rule of pleading applicable to an answer setting up
a forfeiture under local mining rules and customs, under the

decision in *Dutch Flat Water Co. v. Mooney,* 12 Cal. 534, and other cases, has no application here.

CHIPMAN, C.—Action to recover possession of a mining claim, for damages, and for an injunction. Plaintiff had judgment for possession, for one dollar damages and perpetually enjoining defendants from trespassing upon the premises in controversy. The appeal is from the judgment on the judgment-roll.

1. Appellants contend that their demurrer for uncertainty, ambiguity, and unintelligibility should have been sustained. The complaint alleged ownership and right of possession of plaintiff in and to a certain mining claim known as the St. Gabriel Mine, and alleged that defendants unlawfully "entered upon and took possession of a portion of said mining claim and premises, and ousted plaintiff from said portion, . . . ; and are now engaged in wrongfully digging, mining and extracting gold-bearing quartz, gold specimens and gold from said mining claims and converting the same to their own use"; the complaint further alleges that "plaintiff, being uninformed as to the exact value of said gold-bearing quartz . . . . so wrongfully and unlawfully dug, mined, . . . . converted by defendants, alleges, on said lack of information and on his belief, that the value thereof is one thousand dollars." Appellants claim uncertainty: 1. That the complaint alleges unlawful possession by defendants of only a portion of the mine and does not describe such portion; 2. The allegations of damage are on information and belief; and 3. There is no direct allegation that "any holes or cuts have been made and done" by defendants. The answer claimed ownership and right of possession of the entire premises to be in defendant Merck, and the answer admitted having taken possession, and by the form of denial as to the alleged extracting of ores therefrom admitted having done so, and by the same form of denial admitted an intention to continue extracting ores. In short, the answer put in issue the question of ownership or right of possession of the entire premises and the resulting right of defendants to occupy the premises and do with them as they liked. The cause was tried on the issues presented by the complaint and answer, and we cannot see that appellants could have been misled or injured

by the form of the complaint. In speaking of the rule where the demurrer is for uncertainty, the court, in *Alexander v. Central etc. Co.*, 104 Cal. 532, said: "It must not be mere abstract error, but it must be prejudicial and injurious error in order to avail appellant, for otherwise he has no cause of complaint." (See, also, *Jager v. California Bridge Co.*, 104 Cal. 542.)

2. It is contended that the findings are not within the issues. The claim seems to be that the court finds forfeiture as a fact on the part of defendant Merck, whereas there is neither allegation of abandonment or allegation of forfeiture on her part in the complaint. The finding is "that on the nineteenth day of February, 1898, the defendant Emelie D. Merck claimed to hold the tract of land described . . . . under the location laws of the United States relative to quartz claims, . . . . but the said location had lapsed and become void, and said tract of land was at that time vacant public mineral land." The court then finds that plaintiff was on February 19, 1898, a qualified mineral locator and located the premises in question on that day, and thereby became the owner and entitled to possession thereof, and was such owner when subsequently defendants entered upon said premises and ousted plaintiff therefrom. The principal fact at issue was the ownership of the mine; it was not necessary for plaintiff to allege forfeiture or abandonment by defendant Merck. The complaint contained sufficient allegations in an action in ejectment, which defendants concede this to be. As was said in *Harris v. Kellogg*, 117 Cal. 488: "A mining claim is real estate, and the rules of pleading relative to real estate are applicable to it. In the ordinary action of ejectment it is sufficient for the plaintiff to allege that he was the owner of the land in question. Such an averment carries with it all the facts essential to establish his ownership, and the means by which he became the owner would be only evidence of his ownership and should not be alleged." The same rule would apply to the defendants in setting up ownership in their answer. In the present case, defendants averred ownership in defendant Merck, and the answer is deemed to be denied. It was competent for plaintiff to show that the location under which defendant Merck claimed ownership "had lapsed and become void," and that when plaintiff initiated his claim the

land was "vacant public mineral land of the United States."
What the evidence was from which the court made its finding
we do not know, and we must, on this appeal, presume that it
was sufficient.   Appellant contends that the finding that the
defendant's claim had "lapsed" was equivalent to a finding that
it was "forfeited," and this it is contended could not be proved
under the general issue but must be specially pleaded.   Pre-
cisely what the court meant by the term "lapsed" may not be
easily conjectured, as it is a term unknown to mining usage or
laws; but we have no right to assume that it meant a technical
forfeiture.   The judgment may rest on the finding that "the
land was vacant public mineral land," and the finding that the
claim had "lapsed" may be rejected altogether.

We advise that the judgment be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment
is affirmed.          Henshaw, J., McFarland, J., Temple, J.