permitted to stand. The judgment should be reversed, and a new trial granted, upon the ground that the verdict is entirely unsupported by the evidence.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event upon questions of law only, and facts having been examined and no error found therein. All concur. SPRING and HISCOCK, JJ., vote for reversal, on the ground that the verdict is against the weight of the evidence.

---

(109 App. Div. 882.)

### SMITH et al. v. LONDON ASSUR. CORP.

(Supreme Court, Appellate Division, Second Department.    December 29, 1905.)

MASTER AND SERVANT—LIABILITY OF EMPLOYÉ TO EMPLOYER.

    Where public accountants were employed on the express agreement that they should frequently check the defendant's cash account in one branch of its business and verify the items thereon, and they negligently and willfully failed to do so, and on account of such failure its cashier was enabled to embezzle large amounts of money, they were liable for the sums embezzled.

    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 67.]

Appeal from Special Term, Kings County.

Action by Arthur W. Smith and others against the London Assurance Corporation. From an interlocutory judgment overruling a demurrer to a counterclaim, plaintiffs appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

W. W. McFarland, for appellants.
Edwin T. Rice, for respondent.

HOOKER, J. The action is to recover for services rendered to the defendant by the plaintiffs in their capacity as public accountants. The answer admits a small payment on account, as alleged in the complaint, avers that such payment was in full of the plaintiffs' claim, and includes a counterclaim for a large sum of money embezzled by one of the defendant's employés, which embezzlement the defendant claims would not and could not have occurred except for a breach of plaintiffs' contract of employment. The plaintiffs demurred to the counterclaim on the ground that it does not state facts sufficient to constitute a cause of action, the demurrer was overruled, and plaintiffs appeal.

The plaintiffs do not challenge the proposition of law advanced by the defendant that public accountants now constitute a skilled professional class, and are subject generally to the same rules of liability for negligence in the practice of their profession as are members of other skilled professions. And such is doubtless the law. Cooley states the rule governing the measure of such liability in this language:

"Every man who offers his services to another and is employed assumes the duty to exercise in the employment such skill as he possesses with reasonable care and diligence. In all those employments where peculiar skill is requisite, if one offers his services, he is understood as holding himself out to the public as possessing the degree of skill commonly possessed by others

in the same employment, and, if his pretensions are unfounded, he commits a species of fraud upon every man who employs him in reliance on his public profession. But no man, whether skilled or unskilled, undertakes that the task he assumes shall be performed successfully, and without fault or error. He undertakes for good faith and integrity, but not for infallibility, and he is liable to his employer for negligence, bad faith, or dishonesty, but not for losses consequent upon mere errors of judgment." Cooley on Torts (2d Ed.) p. 277.

See, also, Carpenter v. Blake, 50 N. Y. 696; Id., 75 N. Y. 12; Link v. Sheldon, 136 N. Y. 1, 32 N. E. 696; Pike v. Honsinger, 155 N. Y. 201, 49 N. E. 760, 63 Am. St. Rep. 655.

Although the counterclaim is inartistically drawn and deficient in logical order, we believe that it does state sufficient facts to make out a cause of action. In the tenth paragraph of the answer, near the final statements of the counterclaim, is to be found an allegation that in the agreement between the parties it "was expressly stipulated that there should be a frequent checking by the plaintiffs of the cash account of the New York branch of the defendant, and a verification of the items appearing thereon." Reverting to the first words of the ninth paragraph, an averment is found that the plaintiffs "have negligently and willfully failed to examine and check in particular the cash account of the New York fire office of the defendant, and have failed to verify the said cash and agency accounts." Then follows the allegation that Scott, its cashier, from time to time, embezzled large amounts of money paid to him as such cashier; the embezzlement being assisted by his falsifying entries in defendant's books and practically its cash books. In the eleventh paragraph it is alleged that the defendant's losses from Scott's embezzlements and defalcations were due to the negligence of the plaintiffs to perform their agreement with the defendant in the manner stipulated.

These allegations, with the facts that may be implied from them by reasonable and fair intendment, sufficiently plead a valid contract, its breach, and the resultant damage, and require a reply from the plaintiffs. Had an examination and checking of the New York office cash account, performed with that degree of skill and care demanded by the rule which has been noticed, resulted in preventing defendant's loss, in whole or in part, the plaintiffs should respond in damages; for it must have been within the reasonable contemplation of the parties at the time of making the contract, and so it is inferentially alleged in the counterclaim that one of the objects of the frequent checking of the defendant's cash account of the New York branch and a verification of the items thereof was to prevent, or at least arrest, just such practices as it is claimed Scott indulged in, and the loss the defendant has sustained naturally flows from the breach of the contract it has pleaded.

The interlocutory judgment should, therefore, be affirmed, with costs, with leave to the plaintiffs to reply upon the usual terms.

Interlocutory judgment, overruling demurrer to the plaintiffs' counterclaim, affirmed, with costs, with leave to the plaintiffs to reply within 20 days on payment. All concur.