[S. F. No. 12638. In Bank.—September 26, 1929.]

CHARLES JONES et al., Appellants, v. MICHAEL J. KELLY, Respondent.

George D. Collins, Jr., for Appellants.

J. C. Flannery for Respondent.

SEAWELL, J.—Appeal prosecuted by plaintiffs, husband and wife, from an action to recover damages, both actual and exemplary, for the alleged destruction by defendant of the plaintiffs' water supply, the parties occupying the relation of landlord and tenant. A demurrer, both general and special, to the amended complaint was sustained without leave to amend, and judgment thereupon entered in favor of the defendant. From the fact that the demurrer was sustained without leave to amend the amended complaint it is apparent that the trial court was of the opinion that a cause of action could not be predicated on tort, the main issue presented by the complaint, and therefore did not deem it necessary to pass upon other alleged infirmities of lesser importance which are easily amendable. We will, therefore, confine ourselves to the main issue discussed by the briefs.

The amended complaint is quite brief and concisely sets out the contentions of appellants:

"Aver by way of inducement to the cause of action for the trespass hereinafter alleged, that heretofore to-wit: in the month of March, 1924, the plaintiffs hired from defendant and he let to them as his tenants from month to month, at a monthly rental, and for the use, occupancy and habitation of plaintiffs, as and for their home and dwelling place, the dwelling house and premises then and there owned by defendant and situated at No. 22 Harper street in said city and county of San Francisco, together with a sufficient supply of water to the same, for the household and domestic uses of plaintiffs in said dwelling and home and for their drink, bathing, washing of clothes, and also for necessary toilet and culinary purposes therein.

"That thereupon and with the consent of defendant and upon said terms of tenancy, including said water supply, the said plaintiffs on the 15th day of March, 1924, and as said tenants, entered into the possession and occupancy of said dwelling house as their home and habitation, and paid the said rental therefor to defendant, until the trespass hereinafter alleged. That during all the times said premises were occupied by plaintiffs as said tenants, the said water supply was necessary for said purposes, and essential to the beneficial use and enjoyment of said dwelling house as a fit and suitable place of habitation for human beings. That accordingly and by reason of the fact that said water supply was necessary for said purposes during the existence of said tenancy, the said defendant furnished said plaintiffs as said tenants with said water and in said dwelling house from said 15th day of March, 1924, until the time of the trespass hereinafter alleged, to-wit: on the 22nd day of May, 1926.

"That while said dwelling house was occupied as aforesaid by plaintiffs and during the continued existence of said tenancy and while plaintiffs as said tenants were in the quiet and peaceable possession, occupancy and enjoyment of said dwelling house as their home, place of abode and habitation, and were then actually using said water supply therein solely for the necessary purposes hereinbefore stated, the said defendant on the 22nd day of May, 1926, without the consent of plaintiffs and against their will and without notice or warning to either of them, did wilfully, maliciously and with express malice and evil motive, wantonly, oppressively and solely for the malevolent purpose of annoying, incon-

veniencing, harassing and injuring the plaintiffs, cut off, disconnect, discontinue, terminate and destroy said water supply and entirely deprive the plaintiffs of the same and did thereby seriously, maliciously, oppressively, wantonly and wilfully annoy, inconvenience and harass plaintiffs and greatly injure them in their feelings and inflict upon them by said wilful and malicious trespass, very great trouble, severe hardship, detrimental privation, personal indignities and mental suffering, all of which is to their actual damage in the sum of three thousand dollars and in the further sum of two thousand dollars exemplary damages. That in support of said claim to exemplary damages the plaintiffs aver that this action is not brought for a breach of an obligation arising out of said contract of tenancy, in failing to supply water to plaintiffs in said premises, but is brought solely to recover for said trespass in maliciously, oppressively and wantonly cutting off said water supply, to the great annoyance, harassment, hardship and injury of plaintiffs as hereinbefore alleged.''

It is the contention of respondent that the amended complaint does no more than tend to establish a breach of the contract demising the premises described in the amended complaint, and that a cause of action sounding in contract cannot be converted into a trespass or tort by alleging the acts which form the basis of the breach were maliciously, oppressively and wantonly committed. On the other hand, appellants admit that the averments show the existence of a contract, but contend upon authority that the contractual relations between the parties are mere matters of inducement preliminary to the statement of a cause of action in tort. ■ ''In determining whether a pleading is intended to state a cause of action *ex contractu* or one *ex delicto* it should be construed according to the full scope and effect rather than according to a single sentence or expression contained therein; and special consideration should be given to the prominent and leading allegations.'' (21 Ency. Pl. & Pr. 657; *Harding* v. *Liberty Hospital Corp.*, 177 Cal. 520 [171 Pac. 98].) ■ If the cause of action arises from a breach of promise the action is *ex contractu*, but if it arises from a breach of duty growing out of the contract it is *ex delicto*. (*Mobile Life Ins. Co.* v. *Randall*, 74 Ala. 170.) A tort and trespass is none the less such because it incidentally

involves a breach of the contract. (*Stock* v. *Boston*, 149 Mass. 410 [14 Am. St. Rep. 430, 21 N. E. 871].) The law imposes the obligation that "every person is bound without contract to abstain from injuring the person or prc_ .rty of another, or infringing upon any of his rights." (Sec. 1708, Civ. Code.) This duty is independent of the contract and attaches over and above the terms of the contract. This being so, the plaintiffs may treat the injury as a tort or as a breach of contract at their election. (1 Page on Contracts, 2d ed., sec. 57.) That appellants have a proprietary interest in the demised premises which goes by the name of estate is not open for debate. (1 Tiffany on Landlord and Tenant, 162.) The situation as presented by the pleadings, we think, is well encompassed by the following excerpt from *Rich* v. *New York Cent. & H. R. R. R. Co.*, 87 N. Y. 382: "It may be granted that an omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty. But such legal duty . . . may spring from extraneous circumstances not constituting elements of the contract as such, although connected with and dependent upon it and born of that wider range of legal duty which is due from every man to his fellow, to respect his rights of property and person, and refrain from invading them by force or fraud." A tort may grow out of or make a part of, or be coincident with a contract. The fact that there existed a contract between the plaintiffs and the defendant would not immune the latter from the penalty that is ordinarily visited upon tortfeasors. Had the defendant, under the relationship shown to exist between the parties wilfully and maliciously removed the doors or windows from said premises occupied by plaintiffs he could not have escaped the penalty which the law imposes upon tort-feasors on the theory that his relations with plaintiffs were also contractual. In effect the illustration and the act complained of are alike. By the lease the plaintiffs were conveyed an estate in the demised premises and they were entitled to equal protection of the law in the use and enjoyment of their habitation against all persons, including the defendant. Shutting off the water which supplies a residence for domestic, household and sanitary purposes is a serious interference with the use and occupation of property and in effect amounts to an eviction.

The water supply which furnished said residence at the time plaintiffs leased said premises and went into possession and during the whole period of occupancy formed a material part of the estate, and if disturbed in the manner alleged in the complaint would amount to tortious conduct on the part of defendant. We must assume the truthfulness of the allegations of the amended complaint for the purposes of passing upon the merits of the demurrer.

The judgment is reversed, with directions to overrule the demurrer.

Richards, J., Curtis, J., Preston, J., Waste, C. J., and Langdon, J., concurred.