[Civ. No. 6887.   First Appellate District, Division One.—January 27, 1930.]

MARIAN G. GREEN, Respondent, v. BEN HANSON et al., Appellants.

W. H. Clay for Appellants.

Tobin & Tobin for Respondent.

THE COURT.—The defendants in the above-entitled action undertook, for a consideration, to raise a building owned by plaintiff, the object being to make the same correspond with a change in the grade of an adjoining street. It was agreed that the structure be raised twenty-eight inches above its foundation. After the building had been raised to the stipulated height it was found that the proper level was a few inches lower, and accordingly, by agreement, it was lowered to a level about twenty-five inches above the original foundation, which in the meantime had been built up by the plaintiff to the new level.

Plaintiff alleged that the defendants neglected, before raising the building, to free the sills in front and on the sides thereof from the steps and cement sidewalk, thus causing the building when raised to be wrenched and warped; that when the same was lowered to the new foundation it was warped to such an extent that the south side of the structure was about six inches above the foundation, and also overlapped an adjoining lot for a distance of three and a half to four inches; that defendants after much delay shored up and braced the structure so that the same, with the exception of a portion which overlapped about half an inch, rested upon the new foundation; that the wrenching of the building was due to the negligent manner in which the work was done, and caused the plaster in the building to crack and considerable portions to fall, the roof and pipes thereof to be broken and the paint to be damaged; and that defendants after shoring up the building removed their braces and tools used therefor without bracing or tying the structure, to remedy which plaintiff was compelled to employ labor. She alleged an expenditure of $544.50 in that connection, and also that the building

due to defendants' negligence, was permanently injured, causing her further damage. Defendants denied that the injuries alleged were due to their negligence, alleging that the same, if any, were caused by the improper construction of the new foundation, which they claimed was not level. They also sought by a counterclaim to recover a balance of $200 unpaid on their contract with plaintiff and $470 for extra work in connection with the raising and lowering of the building.

The court found for the plaintiff and entered judgment in her favor for $350.

Defendants, who have appealed therefrom, contend that their general and special demurrer to plaintiff's amended complaint should have been sustained on the ground that owing to the contractual relations between the parties no liability for negligence could arise, and the findings are unsupported.

It is well settled that where the relationship between the parties is contractual the liability of one to the other in an action of tort may nevertheless arise from the negligent manner in which some act which the contract provides for is done (*Coleman* v. *Iowa R. etc. Co.*, 180 Iowa, 1063 [178 N. W. 365]; *Hanna* v. *Chicago etc. R. Co.*, 89 Kan. 503 [132 Pac. 154]; *Coen* v. *Central Tel. Co.*, 95 Neb. 814 [146 N. W. 998]; *Hasbrouck* v. *Armour & Co.*, 139 Wis. 357, 23 L. R. A. (N. S.) 876, 121 N. W. 157]; 45 Cor. Jur., Negligence, sec. 17, p. 643); and while the contract in the present case provided that the work should be performed in a good and workmanlike manner the facts alleged showed violations of the contract in this respect, and also negligence in the manner in which the work was done, causing damage to the plaintiff, and were sufficient to state a cause of action. The only averments of the complaint which could reasonably be said to be uncertain or ambiguous were immaterial allegations. Error in overruling a demurrer to a complaint for uncertainty is without prejudice where the defendant cannot be said to have been misled by the defects in the pleading and the cause of action is fairly apparent from the complaint (*Contreas* v. *Merek*, 131 Cal. 211 [63 Pac. 336]; *Alexander* v. *Central Lumber etc. Co.*, 104 Cal. 532 [38 Pac. 410]; *Irrgang* v. *Ott*, 9 Cal. App. 440 [99 Pac. 528]); nor is such error ground

for reversal where the allegations attacked are immaterial and not essential to recovery (*Hill* v. *Horsley,* 142 Ga. 12 [82 S. E. 225]; *Lammers* v. *Wolfertz,* (Tex. Civ. App.) 164 S. W. 1102; 4 Cor. Jur., Appeal and Error, sec. 2910, p. 937).

▇ The testimony on the issues presented was conflicting, and a review of the voluminous record in the case would answer no useful purposes. It will be sufficient to say that plaintiff's contentions were supported by the testimony of competent witnesses familiar with the work undertaken, and the conclusions of the trial court are fully sustained by the evidence.

The judgment is affirmed.