[Civ. No. 17115.   Second Dist., Div. One.   Oct. 27, 1949.]

PHOTOCHART (a Corporation), Appellant, v. LORENZO DEL RICCIO, Respondent.

J. Wesley Cupp for Appellant.

Don Marlin and William H. Levit for Respondent.

WHITE, P. J.—In an action for declaratory relief and for damages, a general demurrer to plaintiff's amended complaint was sustained without leave to amend, and from the ensuing judgment of dismissal plaintiff prosecutes this appeal. The attempted appeal from the "ruling on demurrer" must be dismissed.

It appears from the amended complaint that plaintiff, Photochart, a corporation, is the assignee of The Photochart, a partnership; that in June, 1941, plaintiff's assignor entered into a contract with defendant, Lorenzo del Riccio, who, as the inventor of and holder of certain patent claims to a camera device for photographing the finishes of horse races and other contests of speed granted to The Photochart an exclusive license to use said device, and which contract provided for the payment of certain royalties. It was further alleged that as the result of a dispute and extensive litigation between plaintiff's assignor and defendant, a supplemental agreement was entered into in April, 1946, in consideration of which plaintiff's assignor dismissed an action then pending against defendant. By the supplemental agreement defendant agreed, among other things, to give "such assistance, cooperation and scientific advice as will contribute to the perpetuation, publication and furtherance in all respects of the licenses which are the subject of this contract." Quoting further from the first cause of action of the amended complaint, it is charged:

"That certain infringements of the patent rights of the plaintiff and defendant have occurred and further infringements are anticipated; that plaintiff is now prosecuting certain actions for the infringement of said patents against third persons and that expenses are being, and will be, incurred in the future by reason of the necessity to protect the patent rights of the defendant Lorenzo del Riccio and the interest plaintiff has in said patent rights under the said licensing agreements; that defendant del Riccio has asserted and continues to assert that by the interpretation of said supplemental contract, he is not obligated to lend any financial assistance

toward the protect(ion) of the patent rights; that the cost of prosecuting said litigation is great.

"That Lorenzo del Riccio is seeking to terminate said license agreements, copies of which are annexed hereto as Exhibits A and B, and has served upon plaintiff Photochart notices that plaintiff Photochart has breached said agreements and has, in another action before the above-entitled Court, filed a cross complaint alleging that said license agreements have been terminated by breaches committed by plaintiff Photochart and in the event that plaintiff Photochart should fail to bring suits against infringers or fail to prosecute suits heretofore filed and such failure so to do would amount to a breach of said license agreements, said Lorenzo del Riccio would serve upon plaintiff a notice of breach and would attempt thereby to terminate said license agreement."

It was then alleged in the first cause of action that an actual dispute and bona fide controversy existed, and that the questions to be decided by the court were:

"What are the rights, privileges and duties of all the parties under the supplemental contract, and what effect, if any, the provisions of said supplemental contract will have upon the licensing agreement hereinbefore entered into?

"Who has the duty to protect the patents involved from infringement?

"Does plaintiff have any obligation to sue infringers?"

It is further alleged that plaintiff contends that the clause of the supplemental agreement whereby defendant agreed to give "assistance, cooperation and scientific advice" etc., includes financial assistance whenever necessary to protect the patent rights from infringement; that plaintiff contends it is under no duty to bring suits against infringers.

In the second cause of action it is alleged that plaintiff has filed two infringement suits in the federal courts in which del Riccio voluntarily joined as coplaintiff, and that plaintiff has been damaged in the sum of $11,158.34 by reason of the failure of defendant to contribute, as demanded, one-half of the costs and attorney's fees incurred or paid by plaintiff, as well as other expenses and amounts paid out for the use and benefit of the defendant.

The amended complaint concludes with a prayer for a declaratory judgment that the supplemental contract is valid, and that defendant is liable financially "for a contributory portion of reasonable expenses" incurred by plaintiff in pro-

tecting the patents; that defendants will also be liable for all further reasonable expenses under the contracts during the terms thereof; that plaintiff is under no duty to bring suits against infringers and that its failure to bring suits will not constitute a breach of contract or of any duty to defendants. Plaintiff further sought judgment under its second cause of action for the sum of $11,158.34.

The demurrer to the second cause of action was properly sustained. The relief sought by this cause of action was a money judgment upon the theory that the defendant licensor was under a contractual obligation to bear half the expense of prosecuting infringers of the patent. Examination of the original and the supplemental contract attached as exhibits to the amended complaint discloses that no such obligation exists. The defendant licensor agreed to give such "assistance, co-operation and scientific advice, as will contribute to the perpetuation, publication and furtherance in all respects of the licenses which are the subject of this contract." Neither the quoted language nor any other language in the contracts in question would justify a holding that the licensor had agreed, expressly or impliedly, to bear a share of the costs of prosecuting infringers. Nor can a covenant so to do be implied from the bare grant of a license.     In the absence of an express covenant, a licensor is under no obligation to prosecute infringers or to contribute to the cost of such suits brought by the licensee. (*Lathrop* v. *Rice & Adams Corp.*, 17 Fed.Supp. 622, 628; Ellis, Patent Assignments and Licenses, § 690, p. 721.)

An entirely different situation is presented by the ruling on plaintiff's first cause of action. The demurrer was general only, and by the judgment it was merely adjudged that, the demurrer having been sustained, plaintiff take nothing by its action. The effect of such a judgment is only to deny the relief prayed for, that is, to deny declaratory relief. The fact that a declaratory judgment would or might be adverse to the plaintiff's contentions is not a ground for denying declaratory relief. (*Columbia Pictures Corp.* v. *De Toth*, 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747].)

The first cause of action, while possibly not a model of pleading, nevertheless alleges in substance that the defendant threatens to declare a forfeiture of the contract should the plaintiff fail to prosecute patent infringers or fail to prosecute suits heretofore filed. In the absence of declaratory relief, the plaintiff must decide at its own risk whether it is

under any duty to initiate or prosecute infringement suits, at the peril of being declared, after the fact, of having defaulted on its agreement. It must be assumed, for the purposes of a demurrer, that such threats have been made, and thus it would clearly appear that a controversy exists.

It is not necessary or proper for this court at this time to determine what the rights of the parties are under the contract. It is enough to say that it was error to dispose of plaintiff's first cause of action by sustaining a general demurrer thereto.

A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court. (*Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 728 [146 P.2d 673, 151 A.L.R. 1062].) As heretofore stated, the court should not dispose of the case on demurrer merely because the plaintiff is not entitled to a favorable declaration. As stated in the cited case, "The purpose of a declaratory judgment is 'to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation. . . . To hold that a plaintiff on the wrong side of a controversy is not entitled to the security and relief against uncertainty which a declaratory judgment affords would require us to read into the statute a limitation not there present. . . .'"

This being the rule, the only ground upon which the demurrer to the first cause of action could have been properly sustained would be that no cause of action for *declaratory relief,* was set forth, that is, that no "justiciable controversy" was shown. The facts alleged are that defendant threatens to declare a forfeiture unless the plaintiff performs certain acts which the plaintiff contends it is not required to perform under the contracts between the parties. If this is not a "controversy," then why should the defendant object to an adjudication? (See *Tolle* v. *Struve,* 124 Cal.App. 263, at p. 269 [12 P.2d 61].)

Further, we are persuaded that the complaint in the instant cause certainly comes within the rule which affords to a plaintiff the right to amend when it appears that a cause of action could be stated. (*Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 719 [128 P.2d 522, 141 A.L.R. 1358]; *Wilkerson* v. *Seib,* 20 Cal.2d 556 [127 P.2d

904].) The demurrer was general only. The complaint, although it might have been vulnerable to special demurrer, set forth the elements of a cause of action.

The attempted appeal from the "ruling on demurrer" is dismissed.

The judgment is reversed and the cause remanded with directions to the court below to overrule the demurrer to the first cause of action and allow defendants a reasonable time within which to answer in the event they be so advised. Neither party to recover costs on appeal.

Doran, J., and Drapeau, J., concurred.