[L. A. No. 22214. In Bank. May 23, 1952.]

L. B. LABORATORIES, INC. (a Corporation), Respondent,
v. WALTER A. MITCHELL, Appellant.

Sheppard, Mullin, Richter & Balthis, Gordon F. Hampton and E. Talbot Callister for Appellant.

Walter G. Danielson, H. Spencer St. Clair, Alva C. Baird and William A. Cruikshank, Jr., for Respondent.

Howard W. Campen, County Counsel (Santa Clara), Donald K. Currlin, Assistant County Counsel, and Wade H. Hover, Deputy County Counsel, as Amici Curiae on behalf of Respondent.

CARTER, J.—Plaintiff was awarded judgment for $17,428.43 for damages in an action the nature of which will appear later. Defendant appeals.

According to the findings of the court, plaintiff is a corporation. Defendant is a certified public accountant pursuing his vocation in Los Angeles. Prior to December, 1942,

defendant represented to plaintiff that he was an expert in all tax matters, both federal and state, and fully capable of handling all plaintiff's tax and accountancy problems, and in reliance thereon plaintiff employed defendant prior to June, 1942, to handle all of such problems. Pursuant to the employment defendant prepared and filed in proper time plaintiff's tax returns for the calendar years 1940-1942. Still in reliance on defendant's representations, on February 7, 1944, plaintiff employed defendant to make an income tax review of its records for 1943 and to prepare and file on or before March 15, 1944, its federal income and excess profits tax returns for 1943 and the state franchise tax returns for the same year. Defendant accepted the employment on February 7, 1944, and reduced his acceptance to writing in the form of a letter to plaintiff, stating: ''This will confirm your request that this office conduct an income tax review of the corporate books and records and as a result prepare the following tax returns for the calendar year 1943; California Franchise Tax Return, Federal Income Tax Return, Federal Excess Profits Tax Return. These services will be billed on the basis of $40.00 per diem (eight hours) for all time devoted thereto (travel time included). Progress—billing invoices will be rendered as of the close of each Saturday's business.'' It was intended by the parties at the time the contract was made that defendant was to prepare and file all of said returns on or before their due date, March 15, 1944. Defendant breached the contract in (1) that he did not make a review of plaintiff's records until the early part of 1946; and (2) did not file any of the returns until March 23, 1946. The breach was due to defendant's negligence and carelessness. As a result of defendant's breach and negligence plaintiff had to pay penalties on the taxes due, as the filing of the returns was late.

In further reliance on defendant's representations, plaintiff entered into a written contract on January 27, 1945, for similar services for the tax returns for 1944. The breach of the contract by defendant was the same and the same type of damages followed.

In January, 1947, the United States Treasury Department notified defendant that certain deductions on the federal taxes were disallowed and that a 25 per cent penalty for late filing should be assessed. Defendant notified plaintiff of the former but not the latter, which he concealed from plaintiff. Defendant without plaintiff's knowledge protested

the federal officers' action. Proceedings were had and defendant's protests denied on July 18, 1947, and a further hearing was requested, all of which was concealed from plaintiff until March 15, 1948, when defendant told plaintiff that the further hearing would be had and it then learned the facts. Plaintiff thereafter arrived at a settlement with the federal officials in which plaintiff paid 50 per cent of the penalties, all to plaintiff's damage in the amount paid.

Finally, it was found that none of plaintiff's causes of action were barred by section 339 of the Code of Civil Procedure or any other statute of limitation but if they were the statute was tolled by defendant's concealment and representations that he had done all the things required.

Judgment was accordingly entered for the damages suffered.

Defendant contends that plaintiff's action, as stated in its complaint, was one in tort—malpractice of an accountant—and not in contract, and later during the trial it shifted its position to a contract theory to defendant's grave prejudice in that he did not make contract action defenses and was not prepared to meet a contract action; that judgment should be ordered entered for him because there was no evidence (expert testimony) of negligence and the action based on tort liability was barred by the statute of limitation, Code of Civil Procedure, section 339(1).

The complaint charges in the first count the representation by defendant of his ability to handle plaintiff's tax problems; it "specially employed" defendant to prepare and file its 1943 tax returns; defendant negligently failed to file them in time; as a proximate result of the negligence and failure plaintiff was damaged in a named sum. The second count contains the same allegations with regard to the state franchise tax returns, the third and fourth as to the taxes for 1944. In his answer defendant alleges that plaintiff employed him but that it was understood that the returns could not be prepared and filed because of the lack of time. He pleaded section 339(1) of the Code of Civil Procedure, which provides a two year limitation for commencing an action upon contract, obligation or liability not founded upon a written instrument which may well indicate that he was assuming that the "special employment" was an oral not a written contract as well as that the action was one for negligence, in tort, a liability not founded on a writing where the injury is to other than person or property. He also al-

leged that the fault for the late filing was plaintiff's, not his. Defendant did not demur to the complaint to have it clarified as to whether reliance was had upon negligence or contract or if the latter, whether it was written or oral.

 Contrary to defendant's contention, the complaint, for the purpose of determining whether defendant was misled, may be construed to indicate an action in contract as well as in tort. The essential factors of the former are present. A special employment was alleged which points to a contract, as an employment relation is a contractual one. It is alleged that defendant was employed to prepare and file specific tax returns which were due at a specified date and that he "negligently" failed to file them in time, which would be a breach of the contract of employment. The description of the failure as negligent does not prevent the complaint from conveying to defendant the idea that he failed to do what he had promised. These allegations were sufficient to apprize him of what he had to meet, and whether or not he had made an employment contract with plaintiff and if so the terms thereof, were within his knowledge. He made no effort by demurrer to have the complaint clarified.

The indication of a contract action was carried into the trial. On the taking of the deposition before trial by defendant of plaintiff's president, Olson, its counsel said, in the course of discussion, we are proceeding under an action against defendant for alleged negligence in performing his professional services, but at the beginning of the trial defendant's counsel first made an opening statement in which he said contracts were made between plaintiff and defendant to prepare the returns. He also said that the complaint was for negligence and that section 339(1) (above mentioned) barred the action. In reply, plaintiff's counsel referred expressly to the written contracts (referred to in the findings) and said: "I might just as well dispose of the position of this defendant in this action that this comes under Section 339 of the Code of Civil Procedure, for the reason that it does not, and if counsel believes so, then he has entirely misconceived the whole theory of this action; and if he had demurred to the complaint on the ground that the complaint doesn't allege whether the contract of the employment is in writing or is oral he would then have been advised, because the contract is in writing, and our position is that this action therefore is not barred by Section 339 of the Code of Civil Procedure but comes under the provisions of Sec-

tion 337, which is an action upon a contract obligation or liability founded upon an instrument in writing, and with respect thereto, the four-year period of limitation becomes applicable. . . . I believe it could be said that his breach of his written employment contract occurred on June 15, 1944." Defendant made no protest to those statements, nor did he at any time request a continuance to prepare to meet a contract action; he did not ask leave to amend his answer to meet a contract action until later, as will hereafter appear. Thereafter the first witness called was defendant under section 2055 of the Code of Civil Procedure, and the written contracts were introduced without objection. On repeated occasions during the presentation of plaintiff's case his counsel's statement that the action was for breach of contract was not challenged by defendant.

Defendant moved for a nonsuit on the grounds that the action was barred by section 339(1) of the Code of Civil Procedure, asserting that the action was one for negligence and that there was no evidence of negligence because there was no expert testimony as in a malpractice case. Plaintiff opposed the motion on the ground that the action was based upon breach of a written contract. Defendant then asked leave to amend his answer to plead section 337(1) of the Code of Civil Procedure (four-year limitation on actions to recover on a written contract) as a defense. The court denied the request on the ground that it was not timely. It had grounds for exercise of its discretion in making the ruling because, as seen, the complaint did indicate an action on contract and in plaintiff's opening statement, four days before, it stated the action was one on contract.

Defendant urges that the complaint has the typical aspects of an action for malpractice (see *Dunn* v. *Dufficy,* 194 Cal. 383 [228 P. 1029]; *Lattin* v. *Gillette,* 95 Cal. 317 [30 P. 545, 29 Am.St.Rep. 115]; *Hall* v. *Steele,* 193 Cal. 602 [226 P. 854]; *Mirich* v. *Balsinger,* 53 Cal.App.2d 103 [127 P.2d 639]), but as we have seen it also has all the elements of a contract. He also states that in cases against physicians it has been stated that the allegation of the employment is a mere matter of inducement and the action is in tort (*Hall* v. *Steele, supra,* 193 Cal. 602; *Huysman* v. *Kirsch,* 6 Cal.2d 302 [57 P.2d 908]; *Harding* v. *Liberty Hospital Corp.,* 177 Cal. 520 [171 P. 98]; *Kershaw* v. *Tilbury,* 214 Cal. 679 [8 P.2d 109]; *Estate of Pillsbury,* 175 Cal. 454 [166 P. 11, 3 A.L.R. 1396]), and that a passenger's injury while riding

on a streetcar is in tort rather than the contract of carriage. (*Basler* v. *Sacramento Etc. Ry. Co.*, 166 Cal. 33 [134 P. 993].) The various holdings on whether an action is tort or contract are summarized: ''Although the distinctions in forms of actions have been abolished, the obligation upon which a cause of action is founded may be either contractual or delictual in nature. This distinction is still of fundamental importance with respect to such matters as jurisdiction, venue, the availability of attachment or garnishment, and the limitation of actions. And an action commenced in contract cannot be amended so as to change the proceeding into an action in tort, nor may an action commenced in tort be changed to one in contract.

''For the designation of actions as contractual or delictual, it is to be noted that a contract is defined as an agreement to do or not to do a certain thing, and a tort as any wrong, not consisting in mere breach of contract, for which the law undertakes to give the injured party some appropriate remedy against the wrongdoer. If a cause of action arises from a breach of a promise, the action is contractual in nature; if it arises from the breach of a duty growing out of the contract, it is delictual, and a tort or trespass is none the less such because it also involves a breach of contract. There is obviously some overlapping here, and where it is not clear to which class an action belongs, it will ordinarily be construed as in contract rather than in tort. . . .

''Notwithstanding the basic distinctions between actions on contract and in tort, there are many wrongful acts that constitute a breach of duty that is not only created by contract but imposed by law as well. Thus, negligence may be conceived as being of two types: delictual negligence, which involves a breach of a duty owed to a world at large, as to the general public in driving an automobile; and contractual negligence, which consists of a breach of a primary duty owed to the injured party—a 'polarized' duty arising from some prior relationship between him and the tortfeasor, as in the case of a bailee or common carrier. The latter type of negligence ordinarily gives rise to an action either on contract or in tort, and the injured party may at his election waive the contract and sue in tort, or waive the tort and base his action on the contract alone. Thus an injury to a passenger on a common carrier, by wrongful ejectment or failure to carry him to his destination, constitutes a breach of the carrier's contract of safe carriage to a specific place,

and also a breach of its legal duty arising from its position in performing a public service. Similarly, an action by a depositor against a bank for failure to honor a check arises out of contract in the sense that the injury was sustained as a result of the contractual relation, but also contains an element of tort, in that it is based on violation of the duty to exercise due care. In general, however, actions based on negligent failure to perform contractual duties, such as those owing from a hospital or physician to a patient, from an employer to an employee, and from a landlord to a tenant, although containing elements of both contract and tort, are regarded as delictual actions, since negligence is considered the gravamen of the action." (1 Cal.Jur.2d, Actions, §§ 29, 30.) In regard to an accountant it has been held that an action against him for failure to perform his obligation to the person employing him may be in contract. (See *Smith* v. *London Assurance Corp.*, 109 App.Div. 882 [96 N.Y.S. 820] ; *City of East Grand Forks* v. *Steele*, 121 Minn. 296 [141 N.W 181, Ann.Cas. 1914C 720, 45 L.R.A.N.S. 205] ; *National Surety Corp.* v. *Lybrand*, 256 App.Div. 226 [9 N.Y.S.2d 554] ; *Board of County Commrs. of Allen County* v. *Baker*, 152 Kan. 164 [102 P.2d 1006].)

In the instant case the complaint shows and the court found that defendant contracted to do a specific thing, namely, to prepare and file plaintiff's income tax returns in the time required by law. There is no equivocation or shading of the obligation. It was not limited to the exercise of ordinary care. It was a positive, specific duty which he assumed. Any justification or excuse for failure to perform it could be a matter of defense. It differs in that respect from an action against a physician who does not agree to achieve any particular result; he merely agrees to act in a nonnegligent manner. Even in the physician cases it would not be doubted that if a doctor is specifically employed to remove a wart from the patient's foot but removes one from his face, there would be a breach of contract. Likewise, it is dissimilar from an accountant who is employed generally to audit the employer's books where he assumes the general obligation to exercise due care.

It follows that as section 337(1), Code of Civil Procedure (four-year limitation period for actions on written contracts) was not timely raised and the action being based on a written contract rather than on negligence, there is no bar of the action by reason of the statute of limitations. In

addition, however, the court found that defendant wilfully and fraudulently concealed from plaintiff that the so-called "completed" returns were nullities and did not comply with the law, that the federal officers sought to enforce late filing penalties, and that plaintiff did not discover those matters until March 15, 1948. Defendant claims that finding is not supported by the evidence.

The action was commenced on December 7, 1948. Four years prior thereto was December 6, 1944. The breach of the first contract for filing of the return for the year 1943 occurred on March 15, 1944, when the return was not filed or in June or July, 1944, to which the time had been extended at defendant's request. We therefore look to the evidence between at most March 15, 1944 and December 6, 1944, to ascertain whether during that period there was a concealment which would toll the four-year statute. Mr. Olson, plaintiff's president, testified that he was solely dependent on defendant and placed complete trust and confidence in him for accounting practice in his business and in preparation of tax returns. Defendant visited him shortly after February 7, 1944, the date of the first letter contract, and Olson signed the contract. There was no conversation. Defendant did not say it would take not less than six weeks to prepare the returns. Defendant came out sometime before March 15, 1944, and had him sign an application for an extension of time to file returns when defendant said he could not make out the report in time and hence had to ask for an extension, to which Olson replied that "It's unfortunate." But, defendant said: "It was nothing to worry about, just a matter of form. Q. Did you believe him? A. I did." Later, defendant presented another application for extension. About May 12, 1944, he (Olson) "again" asked defendant about the return and the latter said "I mustn't worry about that because he is capable of taking care of those things; and I believed him. Q. You believed him. Now, at the time when the income tax return was due, on March 15, 1944, did you have money in the bank with which to pay your tax? A. I did." In connection with the so-called "completed returns" (they were a nullity) which defendant had Olson sign shortly before the last extension expired, defendant said "that he would take care of the whole thing and I shouldn't worry about it. Q. Did you rely upon and believe what he said to you? A. I did." From then on Olson thought the "completed returns" were sufficient by

reason of what defendant told him. Henricksen, plaintiff's bookkeeper, testified that defendant told him in February, 1944, that the time was too short to prepare the returns by March 15, 1944, but as will be recalled defendant obtained extensions of time to July, 1944, and, as above seen, he assured Olson that everything was all right. Defendant's testimony is to the contrary, but nothing more than a conflict was created. It is clear that the evidence is sufficient to support the court's finding that the statute of limitation was tolled.

In view of the result reached herein other contentions of defendant, such as the lack of evidence of negligence to support a tort action, the applicability of Code of Civil Procedure section 339(1), that he was deprived of his right to raise contract action defenses, became unimportant.

Amicus curiae contend that assuming the action is one in tort, Code of Civil Procedure section 339(1) does not apply; that section 343, the residuary limitation period of four years applies; that the malpractice cases applying section 339(1) were incorrectly decided. From the foregoing discussion those questions need not be discussed.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied June 19, 1952.