[L. A. No. 22357. In Bank. Oct. 28, 1952.]

RAND EDISON EADS, a Minor, et al., Appellants, v. HARRY MARKS et al., Defendants; CREAMERIES OF AMERICA (a Corporation), Respondent.

Robert H. Green for Appellants.

Jennings & Belcher and George M. Henzie for Respondent.

CARTER, J.—Plaintiffs, Rand Edison Eads, a 2-year-old minor child, through his father and guardian ad litem, Harold Madison Eads, and Harold Madison Eads, sued defendant Creameries of America (sued as Doe One) for damages for personal injuries allegedly suffered by said minor child because of the negligence of defendant, its agents, servants and employees.

Defendant's (Creameries of America) general and special demurrer to plaintiffs' first amended complaint was sustained

without leave to amend and judgment thereon was entered in favor of defendant.

In plaintiffs' amended complaint it was alleged (in part): "That at all times from on or about December 20, 1947, continuously to August 12, 1949, the plaintiffs, Harold Madison Eads, *and* (sic) been and was a customer of defendants, and at all times there had been a delivery service maintained and conducted by defendants wherein defendants had supplied and delivered to plaintiffs at plaintiffs' said place of residence, milk, cream, butter, eggs and other dairy products for a valuable consideration and at the prices established by defendants therefor.

"That on or about December 1, 1948, at which time the said plaintiff, Rand Edison Eads, was of the approximate age of one year, the defendants and each of them were informed by the plaintiff, Harold Madison Eads, and by Lenore Eads, the wife of said plaintiff, that no dairy products, *glass containers,* milk or milk bottles were to be left at the said residence of plaintiffs except in the refrigerator in the house, and that all empty milk bottles and *glass* containers for the defendants would be left within the house. That at said time plaintiff, Harold Madison Eads, and his said wife informed the defendants that if said dairy products or the containers therefor were left within the reach of the minor child that said minor child might be injured by picking up, dropping or tripping over such dairy products and/or the *glass* containers therefore (sic), and further informed the defendants and each of them that in the absence of plaintiffs, empty *glass* containers would be placed upon the back porch of said residence with a memorandum or note stating that no milk or dairy products were to be left; and the defendants and each of them (*agreed to said request and*) informed the plaintiff, Harold Madison Eads, and his said wife that none of said products or *glass* containers therefor would be left except within said refrigerator, and that empty *glass* containers would be removed by defendants *from the back porch,* and not left at said residence upon the regular delivery times; that on or about August 12, 1949, defendants and each of them negligently, carelessly and wrongfully placed, deposited, *left,* and permitted to remain a *glass* milk container upon the back porch of said residence, and the said minor plaintiff, picked up said container and fell off the [said] porch, causing the container to break within close proximity to his face; that as a direct and proximate result of the negligent and wrongful

acts of the defendants the said Rand Edison Eads was caused to suffer severe and permanent injuries, pain and suffering, all to his damage in the sum of $25,000.00.''

Defendant demurred on the ground that the complaint did not contain facts sufficient to constitute a cause of action, and that it was uncertain in that it did not contain facts showing wherein any duty was owed to the minor plaintiff, in what manner any act or omission of defendant was a proximate cause of plaintiffs' injury, what consideration may have existed to support any agreement with any plaintiff for the removal of empty bottles, whether defendants are charged with placing or depositing the milk bottle on the porch or permitting one to remain there, whether the milk container involved was full (as delivered by defendant) or empty (as having been in the possession of plaintiffs), whether defendant is charged with permitting the milk bottle to remain on the porch and whether the time was a ''milk delivery time.''

The italicized portions of the complaint constitute the amendments made by plaintiffs. Although there is nothing in the record to substantiate the statement, plaintiffs contend that the amendments were made at the direction of the trial court upon the hearing and argument on the original complaint.

Plaintiffs have alleged an agreement made with defendant and, implicit therein, is the allegation that it was made expressly for the benefit of their minor child, the third party beneficiary thereof. (*Walsh* v. *Walsh*, 42 Cal.App.2d 282, 285 [108 P.2d 760]; *LeBallister* v. *Redwood Theatres, Inc.*, 1 Cal.App.2d 447 [36 P.2d 827].) ▮ It is true that no consideration for the contract was alleged, but that was a deficiency which plaintiffs might have been able to supply by amendment. The consideration for such agreement may well have been the plaintiffs' promise to continue to buy dairy products from defendant rather than from another firm.

Assuming that there was a valid agreement for the benefit of plaintiffs' minor child, defendant next contends that plaintiffs have no cause of action in *tort* for the failure to perform. ▮ The same act may be both a tort and a breach of contract. (*L. B. Laboratories, Inc.* v. *Mitchell, ante,* pp. 56, 62-63 [244 P.2d 385].) ▮ Even where there is a contractual relationship between the parties, a cause of action in tort may sometimes arise out of the negligent manner in which the contractual duty is performed, or out of a failure to perform such duty. (*Green* v. *Hanson,* 103 Cal.App. 430 [284

P. 1082] ; *Jones* v. *Kelly,* 208 Cal. 251 [280 P. 942] ; *Wetzel* v. *Pius,* 78 Cal.App. 104 [248 P. 288].) ██ Here, the duty of care arose by reason of the contract, and plaintiff has sued in tort for the breach of that duty. The contract is of significance only in creating the legal duty, and the negligence of the defendant should not be considered as a breach of contract, but as a tort governed by tort rules. (*Rushing* v. *Pickwick Stages System,* 113 Cal.App. 240 [298 P. 150] ; *Basler* v. *Sacramento etc. Ry. Co.,* 166 Cal. 33 [134 P. 993].)
██ As was said in *Peterson* v. *Sherman,* 68 Cal.App.2d 706, 711 [157 P.2d 863] : "It has been well established in this state that if the cause of action arises from a breach of a promise set forth in the contract, the action is ex contractu but if it arises *from a breach of duty growing out of the contract* it is ex delicto. . . ." (See, also, *Jones* v. *Kelly, supra,* 208 Cal. 251, 254-255.) ██ Where the cause of action arises from the breach of a contractual duty, the action is delictual notwithstanding that it also involves a breach of contract. (*Jones* v. *Kelly, supra*; *Peterson* v. *Sherman, supra.*) Defendants maintain that there can be no action in tort because there is no general duty of care arising out of the vendor-vendee relationship. In situations such as this, there is contractual negligence or the breach of a primary duty owed to the injured party, the duty arising out of the contract. ██ A tort may grow out of or be coincident with a contract, and the existence of a contractual relationship does not immunize a tort feasor from tort liability for his wrongful acts in breach of the contract (*Jones* v. *Kelly, supra,* 208 Cal. 251). ██ Contractual negligence ordinarily gives rise to an action either on contract or in tort, and the injured party may at his election waive the contract and sue in tort (*Loup* v. *California Southern R. R. Co.,* 63 Cal. 97, 99 ; *Richardson* v. *Pridmore,* 97 Cal.App.2d 124 [217 P.2d 113, 17 A.L.R.2d 929] ) ; or waive the tort and base his action on the contract alone (*Singley* v. *Bigelow,* 108 Cal.App. 436, 444 [291 P. 899] ; *L. B. Laboratories, Inc.* v. *Mitchell, supra, ante,* p. 56 ; 1 Cal.Jur.2d, Actions, § 29). ██ In general, however, it has been held that actions based on negligent failure to perform contractual duties, such as those owing from a hospital (*Harding* v. *Liberty Hospital Corp.,* 177 Cal. 520 [171 P. 98] ) or physician (*Denning* v. *State,* 123 Cal. 316 [55 P. 1000] ) to a patient, from an employer to an employee (*Krebenios* v. *Lindauer,* 175 Cal. 431 [166 P. 17] ), from a landlord to a tenant (*Jones* v. *Kelly, supra*) although containing elements

of both contract and tort, are regarded as delictual actions, since negligence is considered the gravamen of the action.

Defendant contends that the complaint is insufficient in that there is nothing to show what act or omission attributable to it was the proximate cause of the injuries sustained by the minor plaintiff. Plaintiffs allege that defendants "and each of them negligently, carelessly and wrongfully placed, deposited, left, and permitted to remain a glass milk container upon the back porch of said residence, and the said minor plaintiff, picked up said container and fell off the porch causing the container to break within close proximity to his face; that as a direct and proximate result of the negligent and wrongful acts of the defendants the said Rand Edison Eads was caused to suffer" etc. Although the injury resulted from the independent intervening action of the child, such occurrence was readily foreseeable and should have been anticipated. Where the intervening act is reasonably foreseeable, the chain of causation is not broken, and the original actor remains liable. (*Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213 [157 P.2d 372, 158 A.L.R. 872]; *Osborn* v. *City of Whittier*, 103 Cal.App.2d 609 [230 P.2d 132].) Here, the precise injury occurred which plaintiffs, by their agreement, sought to prevent.

Taking the allegations of the complaint as true, as we are bound to do (*Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34, 41 [172 P.2d 867]), it is our opinion that the agreement between plaintiffs and defendant created a duty of care on the part of defendant toward plaintiffs' minor child, that plaintiffs properly sued in tort for the breach of that duty, and that there was a sufficient allegation that defendant's negligence was the proximate cause of the child's injuries.

The other points raised by defendant in its demurrer might have been obviated by amendment, and we are therefore of the opinion that the trial court abused its discretion in sustaining the demurrer without leave to amend. As this court said in *Wennerholm* v. *Stanford University School of Medicine*, 20 Cal.2d 713, 718, 719 [128 P.2d 522, 141 A.L.R. 1358]: "Where a complaint is sufficient against a general demurrer, however, and any uncertainties or ambiguities in the pleading can be corrected by amendment, it is apparent that denial of leave to amend results in a disposition of the cause upon technical grounds alone. The plaintiff who has stated a cause of action in such a case is denied a trial on the merits of his action if any of the grounds of special demurrer

is well taken, despite the fact that the deficiencies can be corrected. It has been held, under such circumstances, that denial of leave to amend constitutes an abuse of discretion even though it be conceded that the trial court had authority to sustain the special demurrer because of defects in the form of pleading (*Guilliams* v. *Hollywood Hospital*, 18 Cal.2d 97, 104 [114 P.2d 1]; *Olivera* v. *Grace,* 19 Cal.2d 570, 579 [122 P.2d 564, 140 A.L.R. 1328], and cases cited therein). . . ." *Wilkerson* v. *Seib,* 20 Cal.2d 556 [127 P.2d 904]; *Photochart* v. *Del Riccio,* 94 Cal.App.2d 315 [210 P.2d 547]; *Davis* v. *Wood,* 61 Cal.App.2d 788 [143 P.2d 740].

We therefore hold that it was an abuse of discretion for the trial court to sustain the demurrer without leave to amend. We do not decide, however, that the complaint was not subject to special demurrer, and the trial court may in its discretion require the clarification of uncertainties or ambiguities in the complaint.

The judgment is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.